IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 19, 2015


**CRAIG O. MAJORS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Johnson County
No. CC14CR162     Stacy L. Street, Judge**

_____

**No. E2015-00400-CCA-R3-HC – Filed September 25, 2015**

_____


Petitioner, Craig O. Majors, appeals after the Johnson County Criminal Court dismissed his pro se petition for habeas corpus relief without a hearing.  After a review of the record and authorities, we affirm the dismissal of the petition because Petitioner failed to show that his convictions were void or that his sentence had expired.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which and JAMES CURWOOD WITT, JR. and JOHN EVERETT WILLIAMS, JJ., joined.

Craig O. Majors, Mountain City, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Clarence E. Lutz, Senior Counsel, for the respondent, State of Tennessee.


**OPINION**

In 2008, Petitioner was convicted by a Montgomery County jury of especially aggravated kidnapping, a Class A felony; attempted aggravated robbery, a Class C felony; and aggravated burglary, a Class C felony, after perpetrating a home invasion. He received a total effective sentence of twenty years for the convictions.  His convictions and sentences were affirmed on direct appeal.  *See State v. Craig O. Majors*, No. M2009-00483-CCA-R3-CD, 2010 WL 2483512, at *1 (Tenn. Crim. App. June 21, 2010), *perm. app. denied* (Tenn. Dec. 8, 2010).

Subsequently, Petitioner sought post-conviction relief, raising at least fifteen allegations with regard to ineffective assistance of counsel in addition to other allegations. The post-conviction court denied relief, and this Court upheld the denial of relief on appeal. *See Craig O. Majors v. State*, No. M2011-02353-CCA-R3-PC, 2012 WL 3291801, at *1-2 (Tenn. Crim. App. Aug. 13, 2012), *perm. app. denied* (Tenn. Jan. 14, 2013).

Next, Petitioner filed a petition for writ of certiorari in the trial court regarding his especially aggravated kidnapping and attempted aggravated robbery convictions. Petitioner argued that *State v. White*, 362 S.W.3d 559 (Tenn. 2012), should apply retroactively to permit collateral attacks on final judgments, that his convictions for especially aggravated kidnapping and attempted aggravated robbery violated his right to due process, and that the trial court erred in giving the jury instructions. The trial court dismissed the petition. On appeal, this Court determined that it was without jurisdiction to hear the appeal because "there is no appeal as of right from the denial of a petition for writ of certiorari pursuant to Tennessee Rule of Appellate Procedure 3(b)." *Craig O. Majors v. State*, No. M2013-01889-CCA-R3-HC, 2014 WL 2547801, at *1 (Tenn. Crim. App. June 4, 2014), *no perm. app. filed*.

On October 28, 2014, Petitioner filed a petition for writ of habeas corpus. In the petition, he alleged that: (1) the trial court lacked jurisdiction to "convict and sentence Petitioner" by constructively amending the indictment for especially aggravated kidnapping; (2) the indictment did not specify the mode of the especially aggravated kidnapping; (3) the trial court lacked jurisdiction to "convict and sentence Petitioner" by constructively amending the indictment for attempted aggravated robbery; (4) Petitioner's conviction for especially aggravated kidnapping is void as a matter of law under *State v. White*; and (5) the trial court lacked jurisdiction to "convict and sentence Petitioner" by constructively amending the indictment for aggravated burglary. The State, through the Attorney General's Office, filed a motion to dismiss. The trial court granted the motion and dismissed the petition by order on January 7, 2015.

Petitioner's notice of appeal was filed with the Johnson County Criminal Court Clerk on February 11, 2015, 36 days after the filing of the order denying relief. An appeal as of right is initiated by filing a notice of appeal within 30 days of the entry of the judgment. Tenn. R.App. P. 3(e) and 4(a). In the case of a pro se appellant who is incarcerated, "filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. R.App. P. 20(g). We note that in his pro se notice of appeal, the incarcerated Petitioner certified that his "notice of appeal was put in the prison mail box on January 31, 2015." Thus, by rule, Petitioner's notice of appeal was timely filed.

*Analysis*

On appeal, Petitioner challenges the dismissal of his petition for habeas corpus relief, arguing that the indictments were constructively amended by the trial court and that his conviction for especially aggravated kidnapping is improper because it violates due process principles under *State v. White*, 362 S.W.3d 559 (Tenn. 2012). The State insists that the trial court properly dismissed the petition because Petitioner failed to show that the judgments were void. We agree with the State.

"While there is no statute of limitations to bar the filing of a habeas corpus petition, the grounds upon which relief will be granted are limited in nature and scope." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Habeas corpus relief "is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." *Id.* Habeas corpus relief is only available when the judgment is void, not merely voidable. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109. The question of whether habeas corpus relief should be granted is a question of law, and this Court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

In the case herein, Petitioner attached to his petition a copy of the four-count indictment and a copy of the jury instructions to support his argument that the trial court's instructions operated as a constructive amendment to the indictments by modifying the elements of the offenses, thereby rendering the indictments void. Even if true, such allegations with regard to error in the jury instructions would render the convictions merely voidable, not void. *See Rodney L. Tipton v. Howard Carlton, Warden*, No. E2007-02625-CCA-R3-HC, 2008 WL 3539727, at *2 (Tenn. Crim. App. Aug. 14, 2008), *perm. app. denied* (Tenn. Dec. 8 2008); *John Haws Burrell v. Howard Carlton, Warden*, No. E2004-01700-CCA-R3-HC, 2005 WL 544732, at *2-3 (Tenn. Crim. App. Mar. 8, 2005), *perm. app. denied* (Tenn. June 20, 2005).

Additionally, Petitioner's reliance on *White* is misplaced. *White*, decided in 2012, is not retroactive, except to cases that were already in the appellate pipeline. *White*, 362 S.W.3d at 568; *see also State v. Cecil*, 409 S.W.3d 599, 608 (Tenn. 2013) (stating that the *White* decision does not "require retroactive application"). As previously pointed out, Petitioner's direct appeal was affirmed in 2010 and was, therefore, no longer in the appellate pipeline by the time *White* was decided.

Because Petitioner failed to show that his convictions were void or that his sentence has expired, denial of his petition was appropriate. The judgment of the Criminal Court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE