IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs at Knoxville November 17, 2015

## JOYCE WATKINS v. BRENDA JONES, WARDEN and STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 39634     Chris Craft, Judge**

**No. W2015-00147-CCA-R3-HC  -  Filed December 9, 2015**

The Petitioner, Joyce Watkins, appeals the Shelby County Criminal Court's denial of her petition for habeas corpus relief from her 1988 convictions for first degree murder and aggravated rape and her effective life sentence. The Petitioner contends that the habeas corpus court erred by denying relief because the indictment failed to confer jurisdiction upon the trial court. We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROGER A. PAGE, JJ., joined.

Michael R. Working, Memphis, Tennessee, for the appellant, Joyce Watkins.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Amy P. Weirich, District Attorney General; and Christopher Judson Lareau, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

A Davidson County Grand Jury indicted the Petitioner and her codefendant for first degree murder and two counts of aggravated rape of the Petitioner's four-year-old niece. They were convicted of first degree murder and one count of aggravated rape. The trial court imposed concurrent sentences of life imprisonment and sixty years, respectively. On appeal, this court affirmed the convictions. *See State v. Charlie W. Dunn and Joyce Watkins*, No. 88-241-III, 1990 WL 40988 (Tenn. Crim. App. Apr. 11, 1990), *reh'g denied* (Tenn. Crim. App. May 3, 1990), *perm. app. denied* (Tenn. Dec. 31, 1990). The Petitioner sought post-conviction relief, contending that she received the ineffective assistance of counsel. The

post-conviction court denied relief, and this court affirmed the denial. *See Charlie W. Dunn and Joyce Watkins v. State*, No. 01C01-9504-CR-00119, 1999 WL 799338 (Tenn. Crim. App. Oct. 8, 1999).

The Petitioner filed the instant petition for habeas corpus relief, contending that her convictions were void because the district attorney general struck through "Attorney General" beneath the signature lines on the individual pages containing Counts 1 and 2 but signed the last page containing Count 3. Because the Petitioner's convictions relate to Counts 1 and 2, she argued that the lack of signatures relative to Counts 1 and 2 rendered the indictment insufficient, deprived the trial court of jurisdiction, and resulted in void convictions.

At the evidentiary hearing, the indictment and the judgments were received as exhibits. The indictment reflects that the district attorney general only signed the last page containing Count 3 and marked through the words "Attorney General" beneath the signature lines on the pages containing Counts 1 and 2. Defense counsel noted for the habeas corpus court that the Petitioner was indicted before the Tennessee Rules of Criminal Procedure were promulgated and relied primarily upon *Hite v. State*, 17 Tenn. 198 (1836), to support the argument that the Petitioner's convictions were void because the district attorney general did not sign each count in the indictment. Although counsel noted Tennessee Criminal Procedure Rule 12 required a defendant to file a pretrial motion relative to a defective indictment, counsel noted that retroactive application of the Rules violated the prohibition against ex post facto laws. Counsel claimed that because the Rules were approved by the Tennessee General Assembly and part of the legislative code, application of the Rules in the present case violated the prohibition against ex post facto laws because the issue related to the trial court's jurisdiction, rendering the application of the Rules a matter of substantive, rather than procedural, law.

The State argued that the trial court had jurisdiction in the Petitioner's case, that the indictment was properly signed by the district attorney general, and that the Rules of Criminal Procedure applied.

Upon the habeas corpus court's inquiring about why the Petitioner did not challenge the sufficiency of the indictment earlier, the Petitioner testified that she learned in September or October 2013 that Dr. Charles Harlen, a witness for the State at her trial, was convicted of "nine counts of lying to help the police" in various criminal cases. She said that she unsuccessfully attempted to obtain a copy of her indictment from her five previous attorneys. She said she did not contact the Davidson County Criminal Court Clerk to obtain a copy of the indictment. She said that her attorneys "disappeared" for various reasons and that she did not have the resources to obtain a copy of the indictment.

In denying relief, the habeas corpus court relied in part upon *Jimmy L. Smith v. Henry Steward, Warden*, No. W2012-00708-CCA-R3-HC, 2012 WL 4120478 (Tenn. Crim. App. Sept. 19, 2012), *perm. app. denied* (Tenn. Feb. 12, 2013). The court found that the indictment was properly signed and was not defective. The court found that even if the indictment were not properly signed, the Petitioner was not entitled to relief because the Petitioner failed to raise the issue before the trial. The court found that the Rules of Criminal Procedure did not exist at the time the grand jury returned the indictment. However, the court relied upon *State v. Pike*, 978 S.W.2d 904, 925-26 (Tenn. 1998), in finding that application of Criminal Procedure Rule 12, requiring the Petitioner to raise before the trial issues related to a defect in the indictment, was procedural in nature and was retroactively applicable and that such application did not violate the prohibition against ex post facto laws. This appeal followed.

The Petitioner's sole contention is that the habeas corpus court erred by denying her relief because the indictment was insufficient to confer jurisdiction upon the trial court. She argues that her convictions are void because the district attorney general marked though "Attorney General" under the signature lines for Counts 1 and 2 and only signed the last page of the indictment containing Count 3. She does not argue that retroactive application of the Tennessee Rules of Criminal Procedure violates the prohibition against ex post facto laws. The State responds that the habeas corpus court properly denied relief and that the district attorney general's signature on the last page of the indictment was sufficient to confer jurisdiction upon the trial court.

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2012); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2012); *see Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable

-3-

claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

The record reflects that the Davidson County Grand Jury returned a three-page, three-count indictment against the Petitioner and her codefendant. Each page of the indictment contains one count and one signature line for the "Attorney General." On the first two pages, containing Counts 1 and 2 respectively, a line is marked through the words "Attorney General." The third and final page, which contains Count 3, reflects the signature of the district attorney general. The Petitioner was convicted of the offenses alleged in Counts 1 and 2.

The Petitioner again relies upon *Hite* to support her argument that the failure of the district attorney general to sign Counts 1 and 2 results in a defective indictment. The defendant in *Hite* was originally indicted for one theft-related offense, and the indictment reflected the signature of the district attorney general. Later, two additional theft-related counts were added to the indictment at the behest of an individual "purporting to have been appointed pro tem[] by the court," although nothing in the record showed the district attorney general was absent. *Hite*, 17 Tenn. at 201-02. The purported pro tem district attorney general signed Counts 2 and 3 of the indictment. Our supreme court concluded that Counts 2 and 3 were nullities because although it was not "absolutely necessary that [the district attorney general's] signature . . . be at the conclusion of the bill," the signature must be on the indictment and "must show that it is intended to cover all the counts contained therein." *Id.* at 202. The court stated that because Counts 2 and 3 were not obtained by the district attorney general, were added at a later date by the purported pro tem district attorney general, and were nullities, no evidence showed the district attorney general's signature on Count 1 was intended to apply to Counts 2 and 3. *Id.* at 202-03.

We believe *Jimmy L. Smith* is also instructive. The petitioner in *Jimmy L. Smith* was indicted and convicted of five violent crimes and received an effective 115-year sentence. After his 1988 convictions, the petitioner sought habeas corpus relief on the ground that although the district attorney general signed the last count in the indictment, the district attorney general did not sign Counts 1 through 4, rendering those counts defective and void. *Jimmy L. Smith*, 2012 WL 4120478, at *1. This court concluded that the indictment was not void because the constitutional and statutory purposes were satisfied. *Id.* at *3 (citing *State v. Hill*, 954 S.W.2d 725, 279 (Tenn. 1997) (stating that an indictment is constitutional when it provides notice of the charges against the accused, provides an adequate basis for the entry of proper judgments, and protects the accused against violations of double jeopardy); *see* T.C.A. § 40-13-202 (1990) (stating the statutory requirements that an indictment state the facts of the

offense in ordinary and concise language)). The court further concluded that the lack of a district attorney general's signature on each count of the indictment did not deprive the trial court of jurisdiction because although "a signature is required, it is 'not necessarily required to be on each count of an indictment.'" *Id*. at \*4 (quoting *James E. Martin v. Howard Carlton*, No. 03C01-9807-CR-00253, 1999 WL 360147, at \*3 (Tenn. Crim. App. June 7, 1999)); *see* T.C.A. § 40-13-103 (2012). The court concluded that the district attorney general's signature on the last page of the consecutively-numbered, five-page indictment applied to the indictment in its entirety. *Id*. at \*4.

*Hite* and *Jimmy L. Smith* conclude that a district attorney general's signature is not required for each count in an indictment but that the district attorney general's signature must be on the indictment and must show that the signature is intended to apply to all counts in the indictment. In *Hite*, the district attorney general's signature was intended only to apply to the first count in the indictment. In *Jimmy L. Smith*, the district attorney general's signature was intended to apply to all counts in the indictment. In the present case, the marking through "Attorney General" under the signature line on the pages containing the first two counts of the indictment and the signature on the page containing the third and final count in the indictment reflects an intention that the signature apply to all three counts in the indictment. As a result, we conclude that the indictment is sufficient and that the trial court had jurisdiction in the Petitioner's case. The Petitioner is not entitled to relief on this basis.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the habeas corpus court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE

-5-