# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs February 2, 2016

## STATE OF TENNESSEE v. MICHAEL WILLIAMS

**Appeal from the Criminal Court for Shelby County**
**No. 99-08306      W. Mark Ward, Judge**

_____

### No. W2015-00662-CCA-R3-CD  -  Filed April 6, 2016

_____

Pro se petitioner, Michael Williams, appeals from the Shelby County Criminal Court's summary dismissal of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. On appeal, the Petitioner argues that the trial court erred in summarily dismissing his motion. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and TIMOTHY L. EASTER, JJ., joined.

Michael Williams, Whiteville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Amy P. Weirich, District Attorney General; and Omar Zia Malik, Assistant District Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

On July 3, 2001, the Petitioner was convicted of rape by a Shelby County Jury and sentenced to thirty years' incarceration as a Range III, violent offender.[1] The Petitioner's conviction was affirmed on direct appeal, see State v. Michael Williams, No. W2001-01925-CCA-R3-CD, 2002 WL 1349520 (Tenn. Crim. App. June 20, 2002), no perm. app. filed, and his petition for post-conviction relief was subsequently denied by this court. See Michael Williams v. State, No. W2005-01810-CCA-R3-PC, 2006 WL 3371404

---

[1] The judgment included in the record on appeal appears to be a poor copy of the original judgment and does not show the box checked reflecting the petitioner's sentence range or classification. We presume the petitioner is a Range III offender based on the parties' briefs to this court.

(Tenn. Crim. App. Nov. 20, 2006), perm. app. denied, (Tenn. Mar. 19, 2007). The Petitioner later filed a petition for writ of habeas corpus, alleging that his judgment of conviction was void because he was sentenced as a career offender. In affirming the denial of habeas corpus relief, this court observed that "any perceived error by the trial court in scratching out the box for career offender does not entitle the Petitioner to habeas corpus relief because it can be classified as a clerical error as opposed to a void judgment." See Michael Williams v. Michael Donahue, No. W2013-02146-CCA-R3-HC, 2014 WL 4244034 (Tenn. Crim. App. Aug. 27, 2014).

On February 23, 2015, the Petitioner filed a motion to correct an illegal sentence challenging his classification as a Range III, violent offender. As grounds for his motion, he specifically argues that the trial court failed to merge six of his nine prior felonies into one conviction under the "24-hour rule." In response, the State contends, and we agree, that the trial court properly denied the motion because it did not state a colorable claim for relief.

A petitioner is only entitled to a hearing and appointment of counsel under Rule 36.1 of the Tennessee Rules of Criminal Procedure "[i]f the motion states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b); see also Marcus Deangelo Lee v. State, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *6 (Tenn. Crim. App. Mar. 7, 2014). The definition of an illegal sentence under Rule 36.1 "is coextensive with, and not broader than, the definition of the term in the habeas corpus context." State v. Wooden, 478 S.W.3d 585, 595-96 (Tenn. 2015). Therefore, "[a]n illegal sentence [containing fatal error] is one which is 'in direct contravention of the express provisions of [an applicable statute], and consequently [is] a nullity'" or one "which [is] not authorized under the applicable statutory scheme." Cantrell v. Easterling, 346 S.W.3d 445, 452 (Tenn. 2011) (internal citations and quotations omitted). Examples of illegal sentences for which habeas corpus relief is permissible include: "(1) a sentence imposed pursuant to an inapplicable statutory scheme; (2) a sentence designating a [release eligibility date] where ... prohibited by statute; (3) a sentence ordered to be served concurrently where statutorily required to be served consecutively; and (4) a sentence not authorized for the offense by any statute." Id. (citing Davis v. State, 313 S.W.3d 751, 759 (Tenn. 2010)). A colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." Wooden, 478 S.W.3d at 595-96.

"A trial court's conclusion with regard to a defendant's offender classification 'rests on issues of fact -- the number, classes, and dates of prior convictions -- which must be determined 'beyond a reasonable doubt.'" Yates v. Parker, 371 S.W.3d 152, 156 (Tenn. Crim. App. 2012) (citing Cantrell, 346 S.W.3d at 458). "A defendant who disagrees with a trial court's findings of fact with regard to an offender classification

-2-

'may raise this issue on direct appeal' because an appeal of this type 'is akin to a challenge to the sufficiency of the evidence supporting a conviction.'" Id. "While a trial court may make an error in offender classification, the error is not going to render the sentence illegal so long as the classification falls within the purview of the Sentencing Act." Id. (citing Cantrell, 346 S.W.3d at 458). Moreover, "[h]abeas corpus may not be used as a substitute for appeal. Rather, habeas corpus relief is limited to remedying jurisdictional defects that are apparent on the face of the judgment or the record of the proceedings on which the judgment is rendered." Edwards v. State, 269 S.W.3d 915, 924 (Tenn. 2008); see also State v. Louis Tyrone Robinson, No. W2015-00245-CCA-R3-CD, 2015 WL 4557296, at *2 (Tenn. Crim. App. July 29, 2015) (noting that "an error in the offender classification does not create a sentence that is not authorized by the applicable statute or that directly contravenes an applicable statute").

As a Range III, violent offender convicted of rape, a class B felony, the Petitioner was subject to a sentence range of not less than twenty (20) nor more than thirty (30) years of incarceration. See Tenn. Code Ann. § 40-35-112. The Petitioner's thirty-year sentence does not exceed the statutory maximum available for a Range III offender convicted of a class B felony. Although the Petitioner may have contested the propriety of his offender classification on direct appeal, Rule 36.1 is not an alternative mechanism to challenge the findings of the trial court. Based on the above authority, the Petitioner's claims, taken as true and in a light most favorable to him, are insufficient to state a colorable claim for relief under Rule 36.1.

When an opinion would have no precedential value, this Court may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in the proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. McMULLEN, JUDGE