IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 12, 2016

**STATE OF TENNESSEE v. ANTHONY ROBINSON**

**Appeal from the Criminal Court for Shelby County**
**No. 91-08887      Lee V. Coffee, Judge**
_____

**No. W2015-02482-CCA-R3-CD  -  Filed August 26, 2016**
_____

Defendant, Anthony Robinson, filed a motion under Tennessee Rule of Criminal Procedure 36.1 alleging that he was incorrectly sentenced as a Range II offender when he should have been sentenced as a Range I offender. The trial court summarily dismissed the motion. After review of the record and the briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Anthony Robinson, Whiteville, Tennessee, *Pro Se.*

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Stacey McEndree, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Background*

Defendant was convicted of aggravated rape, a Class A felony, by a Shelby County Jury. He was sentenced to thirty-seven years as a Range II offender. On appeal, this Court affirmed Defendant's conviction. *State v. Anthony J. Robinson*, No. 02-C-01-9210-CR-00245, 1993 WL 259580 (Tenn. Crim. App. July 14, 1993). Defendant filed a subsequent petition for post-conviction relief alleging that he received ineffective assistance of counsel at trial. After a hearing, the trial court denied the post-conviction petition, and this Court affirmed the denial. *Anthony J. Robinson v. State*, No. 02C01-9707-CR-00275, 1998 WL 538566 (Tenn. Crim. App. Aug. 26, 1998).

On September 22, 2015, Defendant filed a motion pursuant to Tenn. R. Crim. P. 36.1 claiming that his sentence for aggravated rape is illegal because he did not have the requisite number of convictions to be sentenced as a Range II offender. The trial court entered an order on November 16, 2015, denying the motion without a hearing noting that "[t]his petitioner has failed to state any legal grounds on which the Court can consider this request." The order also contains the following:

> This Petitioner has filed a completely false and purposefully inaccurate document. In addition to the felonies about which the petitioner complains are insufficient to establish his sentencing range, the petitioner ignores the fact that he has three (3) felony drug convictions on his record. The State of Tennessee filed an appropriate notice before the trial of this case. As required by T.C.A. § 40-35-210, the trial court ordered and considered a presentence report that had been prepared prior to sentencing (see attached documents). This petitioner ignores the truth and has filed this ridiculously false motion to correct his illegal sentence.

*Analysis*

On appeal, Defendant argues that his sentence is illegal because he was improperly sentenced as a Range II offender when he should have been sentenced as a Range I offender. Therefore, according to Defendant, the trial court erred by summarily dismissing his motion pursuant to Tenn. R. Crim. P. 36.1 because he presented a colorable claim for relief.

Tennessee Rule of Criminal Procedure 36.1 provides, in part:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the

court shall hold a hearing on the motion, unless all parties waive the hearing.

Therefore, pursuant to Rule 36.1, a defendant would be entitled to a hearing and the appointment of counsel if he or she stated a colorable claim for relief. Tenn. R. Crim. P. 36.1(b). Prior to the adoption of Rule 36.1, a defendant generally had to seek relief from an illegal sentence through post-conviction or habeas corpus proceedings. *See Cantrell v. Easterling*, 346 S.W.3d 445, 453 (Tenn. 2011).

The Tennessee Supreme Court recently stated that a colorable claim pursuant to Rule 36.1 is a "claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015). Rule 36.1 also defines an illegal sentence as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). In *Wooden*, our supreme court held:

> The Rule 36.1 definition mirrors that adopted by this Court in 2011, when defining the term for purposes of habeas corpus petitions seeking correction of illegal sentences. We stated, in particular, that an illegal sentence means "one which is 'in direct contravention of the express provisions of [an applicable statute],' " *Cantrell,* 346 S.W.3d at 452 (quoting *Burkhart,* 566 S.W.2d at 873), or a sentence "not authorized under the applicable statutory scheme," *id.* (citing *Davis,* 313 S.W.3d at 759). As this comparison of the Rule 36.1 text and the *Cantrell* language illustrates, the Rule 36.1 definition of illegal sentence mirrors the definition articulated in *Cantrell.* Construing Rule 36.1 to define the term differently from the way it has been defined in the habeas corpus context would require us to ignore the plain language of Rule 36.1 and of *Cantrell.* This we decline to do. Accordingly, we conclude that the definition of "illegal sentence" in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context.

*Id*. at 594-95.

"A trial court's conclusion with regard to a defendant's offender classification 'rests on issues of fact – the number, classes, and dates of prior convictions – which must be determined 'beyond a reasonable doubt.'" *Yates v. Parker*, 371 S.W.3d 152, 156 (Tenn. Crim. App. 2012)(quoting *Cantrell*, 346 S.W.3d at 451). "A defendant who disagrees with a trial court's findings of fact with regard to an offender classification 'may raise this issue on direct appeal' because an appeal of this type 'is akin to a challenge to the sufficiency of the evidence supporting a convictions.'" *Id*. "While a trial

court may make an error in offender classification, the error is not going to render the sentence illegal so long as the classification falls within the purview of the Sentencing Act." *Id*. (quoting *Cantrell*, 346 S.W.3d at 458). Moreover, "[h]abeas corpus may not be used as a substitute for appeal. Rather, habeas corpus relief is limited to remedying jurisdictions defects that are apparent on the face of the judgment or the record of the proceedings on which the judgment is rendered." *Edwards v. State*, 269 S.W.3d 915, 924 (Tenn. 2008); *see also State v. Louis Tyrone Robinson*, No. W2015-00245-CCA-R3-CD, 2015 WL 4557296, at *2 (Tenn. Crim. App. July 29, 2015)(noting that "an error in the offender classification does not create a sentence that is not authorized by the applicable statute or that directly contravenes an applicable statute").

Notwithstanding the trial court's finding that Defendant actually has the requisite convictions to qualify him as a Range II offender, Defendant's allegation in this case that he was improperly sentenced as a Range II offender does not render his sentence illegal. Therefore, the trial court properly denied Defendant's motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. Defendant is not entitled to relief on this issue.

_____
THOMAS T. WOODALL, PRESIDING JUDGE

4