IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs January 24, 2018

**ASATA DIA LOWE v. SHAWN PHILLIPS, WARDEN**

**Appeal from the Circuit Court for Blount County**
**No. C25082     David R. Duggan, Judge**

_____

**No. E2017-01109-CCA-R3-HC**
_____

The Petitioner, Asata Dia Lowe, appeals the Blount County Circuit Court's summary denial of his petition for a writ of habeas corpus from his 2000 convictions for two counts of first degree murder and one count of especially aggravated robbery and his effective sentence of life imprisonment without the possibility of parole plus twenty-five years. The Petitioner contends that the habeas corpus court erred by summarily dismissing his petition. We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., joined. D. KELLY THOMAS, JR., J., not participating.

Asata Dia Lowe, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; and Mike L. Flynn, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner received concurrent sentences of life imprisonment without the possibility of parole for the murder convictions and an additional twenty-five years for the especially aggravated robbery conviction. The Petitioner appealed his convictions, and this court denied relief. *See State v. Asata Lowe*, No. E2000-01591-CCA-R3-CD, 2002 WL 31051631 (Tenn. Crim. App. Sept. 16, 2002), *perm. app. denied* (Tenn. Feb. 3, 2003).

The Petitioner sought post-conviction relief, in relevant part, on the grounds that he found exculpatory evidence, that the prosecution failed to disclose favorable evidence to the defense, and that he received the ineffective assistance of counsel. The post-conviction court denied relief, and this court affirmed the post-conviction court's determinations. *See Asata*

*Lowe v. State*, No. E2006-02028-CCA-MR3-PC, 2008 WL 631169 (Tenn. Crim. App. Mar. 10, 2008), *perm. app. denied* (Tenn. Aug. 25, 2008). The Petitioner unsuccessfully sought to reopen the post-conviction proceedings. *See Asata Lowe v. State*, No. E2011-01640-CCA-R28-PC (Tenn. Crim. App. Sept. 16, 2011) (order), *perm. app. denied* (Tenn. Nov. 17, 2011).

The Petitioner unsuccessfully sought habeas corpus relief, and he appealed the denial of relief. However, the Petitioner failed to file an appellate brief, and this court dismissed the appeal for want of prosecution. *See Asata D. Lowe v. State*, No. M2008-01291-CCA-R3-HC (Tenn. Crim. App. Dec. 9, 2008) (order). The Petitioner subsequently sought habeas corpus relief, alleging that he was entitled to relief because he received the ineffective assistance of counsel and because of various trial-related errors. The habeas corpus court summarily dismissed the petition without a hearing, and this court affirmed the dismissal because the Petitioner failed to state a cognizable claim for relief. *See Asata D. Lowe v. State*, No. M2009-00444-CCA-R3-HC, 2010 WL 143781 (Tenn. Crim. App. Jan. 13, 2010). The Petitioner later filed a third petition for a writ of habeas corpus on the grounds that his right to a fair trial was violated by the State's failure to disclose favorable evidence and by the trial court's failure to instruct the jury properly, that his Fourth Amendment rights were violated by an unlawful search and seizure, that he received the ineffective assistance of counsel, and that the indictment was multiplicitous. The habeas corpus court denied relief after a hearing, and this court affirmed the habeas corpus court's determinations. *See Asata D. Lowe v. James Fortner, Warden*, No. E2011-00048-CCA-R3-HC, 2012 WL 1080274 (Tenn. Crim. App. Mar. 30, 2012).

On April 13, 2017, the Petitioner filed the present petition for a writ of habeas corpus, alleging that the State unlawfully detained him for the purpose of collecting evidence, that "the State illegally issued a warrant against [him] without the aid of counsel to help prepare a defense," that the State unlawfully presented "perjured and/or false statements to obtain an indictment, conviction, judgment, and sentence," and that the "indictments, convictions, judgments, and sentences are void . . . for interfering with [his] rights and privileges." The Petitioner also submitted additional pleadings, including but not limited to, a motion for a restraining order, a request for the habeas corpus court or court clerk to issue writs and subpoenas, a motion for the production of documents, and a motion for the appointment of counsel. On April 20, 2017, the Petitioner wrote a letter to the habeas corpus judge entitled, "Letter to Cease and Decease [sic] violation of Federal Rights." The Petitioner's letter alleged that the court and the court clerk were "intentionally failing to process [his] court filings as required by the law" and were depriving him of "rights, privileges, and immunities secured and protected by the constitution."

On May 1, 2017, the habeas corpus court summarily denied relief. The court initially noted the Petitioner's continuous filings challenging his underlying convictions. Relative to the present petition, the court found that the allegations raised in the petition had been

previously litigated and that the Petitioner failed to show that his judgments were void, that his sentences had expired, and that he was being illegally detained. Relative to the Petitioner's allegations regarding his seventy-two hour initial detention in 1998 and his criminal arrest warrant, the court found that the Petitioner's present confinement was not based upon his initial confinement and arrest but rather his conviction after a jury trial. Relative to the Petitioner's remaining allegations, the court found that Petitioner was attempting to relitigate matters already determined by the trial and appellate courts. The court determined that the Petitioner failed to state a cognizable claim for habeas corpus relief. This appeal followed.

The Petitioner contends that the habeas corpus court erred by summarily dismissing his petition. He argues that he raised colorable claims for relief, including that the State failed to present him before a magistrate without unnecessary delay, that the State deprived him of his constitutional right to counsel at the initial appearance or preliminary hearing, which occurred in his absence, that he received the ineffective assistance of counsel, and that evidence obtained in violation of his constitutional protection against unreasonable searches and seizures was presented at the trial. The State responds that the habeas corpus court properly dismissed the petition. We agree with the State.

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2012); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. *Archer*, 851 S.W.2d at 161; *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2012); *see Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

Relative to the Petitioner's allegation regarding his initial detention, we conclude that the Petitioner is not entitled to relief. It is established law that an "illegal arrest or detention does not void a subsequent conviction." *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975). Although a criminal defendant "who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." *Id*. The Petitioner has failed to state a cognizable claim for habeas corpus relief.

Relative to the Petitioner's allegations that the State deprived him of his right to counsel at his initial appearance or preliminary hearing, that a preliminary hearing was held in his absence, and that he received the ineffective assistance of counsel, we note that claims alleging these types of constitutional violations are properly raised in post-conviction proceedings. *See Luttrell v. State*, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982); *see also Fredrick B. Zonge v. State*, No. 03C01-9903-CR-00094, 1999 WL 1191542, at *1 (Tenn. Crim. App. Dec. 16, 1999) (stating generally that "[a]lleged violations of constitutional rights are addressed in post-conviction, not habeas corpus, proceedings"), *perm. app. denied* (Tenn. June 26, 2000). The Petitioner sought post-conviction relief, and the denial of relief was affirmed on appeal. *See* T.C.A. § 40-30-102(c) (2012) (The Post-Conviction Procedure Act "contemplates the filing of only one (1) petition for post-conviction relief. In no event, may more than one (1) petition for post-conviction relief be filed attacking a single judgment."). We note that the Petitioner sought post-conviction relief, in relevant part, on the basis that he received the ineffective assistance of counsel. *See Asata Lowe v. State*, 2008 WL 631169. Likewise, the Petitioner raised this issue in his previous habeas corpus petitions, and this court determined that "[c]laims of ineffective assistance of counsel . . . are inappropriate for habeas corpus review" because such allegations, even if true, would render a judgment voidable, not void. *Asata D. Lowe*, 2012 WL1080274, at *3. We conclude that the Petitioner has failed to state a cognizable claim for habeas corpus relief. The Petitioner is not entitled to relief on this basis.

Relative to the Petitioner's allegation that unlawfully obtained evidence was presented at his trial, we conclude that the Petitioner has failed to state a cognizable claim for habeas corpus relief. The Petitioner raised in a previous habeas corpus petition that his Fourth Amendment rights were violated by an unlawful search and seizure, and this court determined that "claims of Fourth Amendment violations do not result in void judgments and are not cognizable under habeas corpus review." *Asata D. Lowe*, 2012 WL1080274, at *3. The Petitioner is not entitled to relief on this basis.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the habeas corpus court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE