IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 26, 2018

## CLARK DERRICK FRAZIER v. RANDY LEE, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. CC-18-CR-3    Lisa Rice, Judge**

_____

### No. E2018-00323-CCA-R3-HC
_____

The Petitioner, Clark Derrick Frazier, appeals the Johnson County Criminal Court's summary dismissal of his petition for a writ of habeas corpus from his 2007 conviction for second degree murder and his twenty-five-year sentence. The Petitioner contends that the habeas corpus court erred by dismissing his petition. We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Clark Derrick Frazier, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; and Ken C. Baldwin, District Attorney General, for the appellee, State of Tennessee.

## OPINION

A Robertson County grand jury returned an indictment charging the Petitioner with first degree premeditated murder, first degree felony murder, and assault. Pursuant to a negotiated plea agreement, the Petitioner pleaded guilty to second degree murder and received a twenty-five-year sentence. The Petitioner sought post-conviction relief on the ground that he entered an involuntary and unknowing guilty plea as a result of the ineffective assistance of counsel. The post-conviction court denied relief, and this court affirmed the post-conviction court's determinations. *See Clark Derrick Frazier v. State*, No. M2008-01303-CCA-R3-PC, 2009 WL 1272278 (Tenn. Crim. App. May 5, 2009), *perm. app. denied* (Tenn. Aug. 31, 2009). The Petitioner also sought error coram nobis relief on the basis that he would not have pleaded guilty had he known the results of the DNA analyses performed on items found at the crime scene. Our supreme court denied relief and determined that

petitions for error coram nobis relief were not applicable in cases resulting in guilty pleas. *See Frazier v. State*, 495 S.W.3d 246 (Tenn. 2016).

On January 11, 2018, the Petitioner filed the instant petition for a writ of habeas corpus, alleging that his conviction was void because the factual basis supporting his guilty plea and conviction was "insufficient or erroneous" pursuant to Tennessee Criminal Procedure Rule 11(b)(3), that a transcript of the guilty plea hearing did not contain "a recitation of the State's factual basis" supporting his conviction, and that his guilty plea was involuntarily and unknowingly entered. The habeas corpus court summarily dismissed the petition on the basis that the petition failed to state a colorable claim for relief. This appeal followed.

The Petitioner contends that the habeas corpus court erred by summarily dismissing his petition. He argues that his conviction is void because the State did not present a recitation of the factual basis supporting his guilty plea at the submission hearing. The State responds that the habeas corpus court properly dismissed the petition because the Petitioner failed to state a colorable claim for relief. We agree with the State.

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2012); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. *Archer*, 851 S.W.2d at 161; *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2012); *see Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

The transcript of the guilty plea hearing is not included in the appellate record. However, this court stated in its opinion affirming the post-conviction court's determinations

that the transcript of the guilty plea hearing did not contain a recitation of the factual basis supporting the Petitioner's guilty plea and conviction for second degree murder. *See Clark Derrick Frazier*, 2009 WL 1272278, at *1. This court stated, though, that the "trial court observed during the hearing that a sufficient factual basis had been developed during pre-trial hearings." *Id*. In the opinion affirming the denial of error coram nobis relief, this court determined that the transcript from a second preliminary hearing provided a sufficient basis for the Petitioner's guilty pleas. *See Clark Derrick Frazier*, 2016 WL 4040383, at *1.

In any event, the Petitioner does not cite to any legal authority supporting the conclusion that the State's failure to present an adequate factual basis supporting his guilty plea and conviction at the submission hearing rendered the judgment void. The judgment before this court is facially valid, and additional proof is required to establish any invalidity. *See Summers*, 212 S.W.3d at 256; *Ritchie*, 20 S.W.3d at 630. Therefore, although the Petitioner's allegation maybe factually accurate, he is not entitled to habeas corpus relief. *See Stephanie D. Cooley v. State*, No. M2013-00205-CCA-R3-HC, 2013 WL 5975135, at *4 (Tenn. Crim. App. Nov. 8, 2013) (stating that even if true, the allegation that a factual basis does not support a conviction offense would result in a voidable judgment, not a void judgment), *perm. app. denied* (Tenn. Apr. 10, 2014). We conclude that the Petitioner has failed to state a colorable claim for habeas corpus relief. He is not entitled to relief on this basis.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the habeas corpus court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE

-3-