IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 4, 2011

## JEFFERY YATES v. TONY PARKER, WARDEN AND STATE OF TENNESSEE

**Appeal from the Circuit Court for Lake County**
**No. 11-CR-9551    R. Lee Moore, Jr., Judge**

_____

**No. W2011-00581-CCA-R3-HC  - Filed January 13, 2012**

_____

The Petitioner, Jeffery Yates, appeals the Lake County Circuit Court's summary dismissal of his petition for habeas corpus relief from his 2003 conviction for aggravated robbery and resulting thirty-year sentence.  The Petitioner contends that the trial court erred (1) by dismissing his petition without an evidentiary hearing regarding his claim for post-judgment jail credit and (2) by failing to address whether the sentence and judgment are void because the trial court relied on an invalid prior conviction to classify him as a Range III, career offender.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Jeffery Yates, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Senior Counsel; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner was convicted by a Shelby County Criminal Court jury of aggravated robbery, a Class B felony.  See T.C.A. § 39-13-402 (2010).  At the sentencing hearing, Shelby County Criminal Court Clerk Joe Warren testified that the Petitioner had prior felony convictions for attempted aggravated robbery, aggravated kidnapping, especially aggravated

kidnapping, possession with intent to sell and deliver a controlled substance, unlawful possession with intent to sell a controlled substance, and five prior convictions for aggravated assault. The trial court found that all the convictions, with the exception of the drug-related ones, were violent offenses, classified the Petitioner as a career offender, and sentenced the Petitioner to thirty years' confinement. The judgment of conviction shows that the Petitioner was given pretrial jail credit from September 22, 2001, through June 19, 2003, totaling 636 days of credit. The judgment does not show an award of post-judgment jail credit for the time the Petitioner was incarcerated before being transferred to a Tennessee Department of Correction (TDOC) facility on February 12, 2004.

The Petitioner filed a petition for habeas corpus relief contending that his conviction was void because the trial court did not award him post-judgment jail credit and relied on a void judgment of conviction to classify him as a Range III, career offender. The trial court summarily dismissed the petition after finding that it did not have the authority to amend or set aside a Shelby County Criminal Court judgment. The trial court directed that any complaint the Petitioner had regarding proper jail credit should be pursued through administrative channels with the TDOC and through an appropriate petition in the Chancery Court for Davidson County. The trial court found that the Petitioner's judgment was not void and that his sentence had not expired. This appeal followed.

**I**

The Petitioner first contends that the trial court erred by summarily dismissing his petition without a hearing. Apparently misunderstanding the Petitioner's claim, the State responds that the trial court properly denied the petition because the Petitioner received pretrial jail credit. We hold that the Petitioner is not entitled to relief on this issue.

The determination of whether habeas corpus relief should be granted is a question of law that is reviewed de novo with no presumption of correctness. State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2001). In Tennessee, habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the petitioner or that the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999); State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1969).

A void judgment is one that is invalid on the face of the judgment or the record "because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251 (Tenn. 2007); see Cantrell v. Easterling, 346 S.W.3d 445, 454-55

(Tenn. 2011) (citing Lynch v. State ex rel. Killebrew, 166 S.W.2d 397, 398 (Tenn. 1942)); see also Archer, 851 S.W.2d at 164. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291-92 (Tenn. 1964). The trial court, however, may dismiss a petition for writ of habeas corpus without an evidentiary hearing and without appointing a lawyer when the petition does not state a cognizable claim for relief. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); State ex rel. Edmondson v. Henderson, 421 S.W.2d 635, 636-37 (Tenn. 1967); see T.C.A. § 29-21-109 (2010).

Contrary to the State's view, the Petitioner complains of a lack of post-judgment jail credit, not pretrial or prejudgment credits covered by Tennessee Code Annotated section 40-23-101(c) (2010). That statute requires that the trial court note on the judgment of conviction the number of pre-sentencing jail credits but does not require the trial court to include post-judgment jail credit in the judgment. Although the Petitioner believes that the last sentence of subsection (c) required the trial court to amend the judgment of conviction to include post-judgment jail credit, this court reads the last sentence of subsection (c) as addressing credit earned by a defendant from the time of conviction to sentencing, allowing a defendant the benefit of additional days in confinement after a conviction but before sentencing. The relevant portion reads, "[a] defendant shall also receive credit on the sentence for the time served in jail . . . subsequent to any conviction arising out the original offense for which the defendant was tried." The statute mandates that the trial court note on the judgment of conviction the number of days a defendant has been in confinement from arraignment to sentencing for the charged offense. The statute, however, does not require the trial court to note post-judgment jail credit on a judgment of conviction.

Although no single statute addresses post-judgment jail credit, our supreme court has said the TDOC has the authority and responsibility to determine sentence expiration dates and release eligibility dates of its prisoners regardless of where they are housed. Shorts v. Bartholomew, 278 S.W.3d 268, 379 (Tenn. 2009) (citing T.C.A. §§ 40-35-501(c); 41-21-236). Other statutes indicate that the TDOC has authority over its prisoners housed in local facilities after a trial court has entered a judgment of conviction. Tennessee Code Annotated section 40-23-113 (2010) requires a sheriff who houses a TDOC prisoner to prepare a report containing a summary of a defendant's behavior while in local custody. The statute provides that no defendant "sentenced to the custody of the department shall be committed or conveyed to the department unaccompanied by the completed report." T.C.A. § 40-23-113. Our supreme court has said that the information contained in such a report "would presumably be used by the TDOC to calculate 'good time credits.'" Shorts, 278 S.W.3d at 279 n.12. Thus, the TDOC has authority over its prisoners regardless of whether they are housed in a local detention facility, including the authority to compute and apply post-

judgment jail credit. The proper avenue to address post-judgment jail credit for prisoners is through the TDOC administratively.

The Petitioner cites Tucker v. Morrow, 335 S.W.3d 116 (Tenn. Crim. App. 2009) in support of his argument that the trial court's failure to note post-judgment jail credit on the judgment of conviction is a cognizable claim for habeas corpus relief. We disagree. The relevant portion of Tucker states, "Unfortunately, this Court has far too often conflated sentence reduction credits, which are governed solely by the Department of Correction, with pretrial and post-judgment jail credits, which can be awarded only by the trial court." Tucker, 335 S.W.3d at 122; see Herbert N. Jackson v. Tony Parker, Warden, No. W2010-01630-CCA-R3-HC, Lake County, slip op. at 3 (Tenn. Crim. App. Apr. 27, 2011). We note, though, Tucker and Herbert N. Jackson are distinguished from the present case. In Tucker, this court addressed whether a trial court's failure to award pretrial jail credit was a cognizable claim for habeas corpus relief, not post-judgment jail credit. We view the statement in Tucker equating post-judgment jail credit with pretrial jail credit as dicta. We also note that in Herbert N. Jackson, this court addressed whether a trial court's failure to award community corrections credit was a cognizable claim for habeas corpus relief, not post-judgment jail credit. This court cited the relevant statement in Tucker equating pretrial jail credit with post-judgment jail credit, which we likewise view to be dicta. Herbert N. Jackson, slip op. at 3. Although this court has determined that the denial of pretrial jail credit and community corrections credit present cognizable claims for habeas corpus relief, we conclude that claims for post-judgment jail credit are not cognizable habeas corpus claims. The Petitioner is not entitled to relief.

**II**

The Petitioner also contends that the trial court erred by failing to address whether the Petitioner's sentence was void because the trial court relied on an invalid prior conviction to classify him as a Range III, career offender. We note, however, that the Petitioner does not state which of the prior convictions used by the trial court during sentencing was invalid or the basis of the invalidity. The State does not address this as a separate issue. We hold that the Petitioner is not entitled to relief.

A trial court's conclusion with regard to a defendant's offender classification "rests on issues of fact - the number, classes, and dates of prior convictions - which must be determined 'beyond a reasonable doubt.'" Cantrell, 346 S.W.3d at 451. A defendant who disagrees with a trial court's findings of fact with regard to an offender classification "may raise this issue on direct appeal" because an appeal of this type "is akin to a challenge to the sufficiency of the evidence supporting a conviction." Id. "Sentences containing alleged errors dependent upon a review of the trial court's findings of fact should be challenged on

-4-

direct appeal and not in a habeas corpus proceeding." Id. (citing Archer, 851 S.W.2d at 161 ("recognizing that habeas corpus cannot be utilized to 'impeach a judgment as contrary to the facts'") (citations omitted)). "While a trial court may make an error in offender classification, the error is not going to render the sentence illegal so long as the classification falls within the purview of the Sentencing Act." Cantrell, 346 S.W.3d at 458. The Petitioner has not stated a cognizable claim for habeas corpus relief.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE