# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs December 2, 2014

## JEFFERY YATES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
No. 02-00754     J. Robert Carter, Jr., Judge

**No. W2014-00325-CCA-R3-CO  - Filed January 8, 2015**

The Appellant, Jeffery Yates, appeals as of right from the Shelby County Criminal Court's summary denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence.  The Appellant contends that the trial court erred in summarily denying his motion because his motion stated a colorable claim for relief.  Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROGER A. PAGE, JJ., joined.

Jeffery Yates, Mountain City, Tennessee, pro se.

Herbert H. Slatery, III, Attorney General and Reporter; J. Ross Dyer, Senior Counsel; Amy P. Weirich, District Attorney General; and Eric Christensen, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Appellant was convicted in 2003 of aggravated robbery and sentenced as a Range III, career offender to thirty years.  The sentencing court's classification of the Appellant as a career offender was based upon the Appellant's prior convictions for attempted aggravated robbery, aggravated kidnapping, especially aggravated kidnapping, two convictions for possession of a controlled substance with intent to sell, and five convictions for aggravated assault.  This court affirmed the Appellant's conviction and sentence on direct appeal. State v. Jeffery Yates, No. W2003-02422-CCA-MR3-CD, 2005 WL 1707974 (Tenn. Crim. App. July 21, 2005), perm. app. denied, (Tenn. Dec. 19, 2005).

The Appellant filed a timely petition for post-conviction relief alleging, among numerous other issues, that his trial counsel was ineffective for failing "to notify the trial court that [his] prior convictions were void and could not be considered for sentencing purposes." Jeffery Yates v. State, No. W2008-02498-CCA-R3-PC, 2009 WL 2985949, at *5 (Tenn. Crim. App. Sept. 18, 2009), perm. app. denied, (Tenn. Feb. 22, 2010). The post-conviction court rejected the Appellant's claim, and this court affirmed that decision on appeal. Id. at *12.

The Appellant filed a petition for writ of habeas corpus arguing that the convictions the sentencing court used to classify him as a career offender were void; therefore, his thirty-year sentence as a Range III, career offender was an illegal sentence. Jeffery Yates v. State, No. W2007-02868-CCA-R3-HC, 2008 WL 3983111 (Tenn. Crim. App. Aug. 27, 2008) (memorandum opinion), perm. app. denied, (Tenn. Jan. 20, 2009). The habeas corpus court summarily denied the Appellant's petition, and this court affirmed the decision on appeal. Id.

At the heart of the Appellant's argument in his habeas corpus petition were two sets of convictions. Yates, 2008 WL 3983111, at *1. In 1993, the Appellant was convicted by a jury of especially aggravated kidnapping, aggravated kidnapping, and attempted aggravated robbery for which he received an effective sentence of eighteen years.[1] Id. In 1994, the Appellant pled guilty to five counts of aggravated assault and two counts of possession of cocaine with intent to sell for which he received an effective sentence of ten years. The sentences for the 1994 convictions were ordered to be served concurrently to the sentences for the 1993 convictions. Id.

In his petition for writ of habeas corpus, the Appellant argued that he was on bail for some of the crimes which resulted in his 1994 convictions when he committed the offenses that resulted in his 1993 convictions. Yates, 2008 WL 3983111, at *1. As such, the Appellant argued that the sentences for each set of convictions were statutorily mandated to be served consecutively rather than concurrently. Id.; see also Tenn. Code Ann. § 40-20-111(b) (mandating consecutive sentences when a defendant commits a felony while released on bail and is convicted of both offenses). The Appellant concluded that his sentences for his 1993 and 1994 convictions were illegal and void; therefore, his 2003 sentence was also illegal because the 1993 and 1994 convictions had been used to classify the Appellant as a career offender. Yates, 2008 WL 3983111, at *1.

---

[1]These convictions were affirmed on direct appeal, see State v. Jeffery Yates, No. 02C01-9307-CR-00164, 1994 WL 466825 (Tenn. Crim. App. Aug. 31, 1994), as was the dismissal of the Appellant's petition for post-conviction relief regarding the convictions, see Jeffery D. Yates v. State, No. 02C01-9608-CR-00276, 1997 WL 399311 (Tenn. Crim. App. July 16, 1997), perm. app. denied, (Tenn. Feb. 23, 1998).

This court rejected the Appellant's arguments, holding that he was "not currently restrained of his liberty as a result of" the 1993 and 1994 convictions. Yates, 2008 WL 3983111, at *2. The opinion stated that it was well-established that "habeas corpus relief is not available for expired sentences that are used solely to enhance a subsequent conviction." Id. (quoting Paul Wilson v. Stephen Dotson, Warden, No. W2005-02317-CCA-R3-HC, 2006 WL 1205636, at *2 (Tenn. Crim. App. May 4, 2006), perm. app. denied, (Tenn. Sept. 25, 2006)).

The Appellant filed a second petition for writ of habeas corpus alleging that his 2003 sentence was illegal because "the trial court relied on an invalid prior conviction to classify him as a Range III, career offender." Yates v. Parker, 371 S.W. 3d 152, 154 (Tenn. Crim. App. 2012). The habeas corpus court summarily denied the petition. This court affirmed the summary denial holding that the Appellant had failed to "state which of the prior convictions . . . was invalid or the basis of the invalidity." Id. at 156. The opinion further stated that an error in a defendant's offender classification was not a cognizable claim for habeas corpus relief because such an error generally did not render a sentence illegal. Id.

The Appellant also filed two petitions for writ of habeas corpus directly challenging the concurrent service of his 1993 and 1994 convictions. Both petitions were summarily denied. In affirming the summary dismissal of the first petition, this court held that the Appellant had "failed to attach any other documents [beyond the judgments of conviction] to his petition which show that he was on bail for the prior six offenses when he committed the latter three offenses." Jeffery Yates v. State, No. W2006-00969-CCA-R3-HC, 2007 WL 936117, at *2 (Tenn. Crim. App. Mar. 29, 2007), perm. app. denied, (Tenn. Aug. 13, 2007). Summary dismissal of the second petition was affirmed because the Appellant was not presently restrained of liberty for the challenged judgments and because the issue had been previously determined. Jeffery Yates v. State, No. W2009-01136-CCA-R3-HC, 2010 WL 4540063, at *3 (Tenn. Crim. App. Sept. 24, 2010), perm. app. denied, (Tenn. Dec. 22, 2010).

In July 2013, the Appellant filed the instant Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. In the motion, the Appellant again argued that his 1993 and 1994 convictions were void because their sentences were not ordered to be served consecutively; therefore, his 2003 sentence for aggravated robbery was illegal because the sentencing court had relied on the 1993 and 1994 convictions in classifying the Appellant as a career offender. The Appellant also argued that his 2003 sentence was illegal because the sentencing court, in classifying him as a career offender, relied on a void judgment of conviction that "had been withdrawn through a prior [p]ost-[c]onviction proceeding." The Appellant further argued that his 2003 sentence was illegal because he was denied his right to "allocution" at the sentencing hearing.

On January 7, 2014, the trial court entered a written order summarily denying the Appellant's motion. The Appellant filed a timely notice of appeal. On appeal, the Appellant contends that the trial court erred in summarily denying his motion because the issues raised in the motion stated colorable claims for relief under Rule 36.1. The State responds that none of the issues raised in the motion stated a colorable claim for relief under Rule 36.1 and that the trial court did not err in summarily denying the motion.

Rule 36.1 provides as follows:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(Emphasis added).

A Rule 36.1 motion is a remedy separate and distinct from habeas corpus or post-conviction relief. See State v. Jonathan T. Deal, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014). As such, a Rule 36.1 motion should only be summarily denied where the motion fails to state a colorable claim for relief. This court has defined a colorable claim as a claim "that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief." State v. David Morrow, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App. Aug. 13, 2014) (quoting Tenn. Sup. Ct. R. 28, § 2(H)) (brackets and alterations in original).

The following are examples of illegal sentences:

(1) a sentence imposed pursuant to an inapplicable statutory scheme; (2) a sentence designating a [Release Eligibility Date (RED)] where a RED is specifically prohibited by statute; (3) a sentence ordered to be served concurrently where statutorily required to be served consecutively; and (4) a sentence not authorized for the offense by any statute.

Davis v. State, 313 S.W.3d 751, 759 (Tenn. 2010) (internal citations omitted). The Appellant's challenge to the sentence for his 2003 aggravated robbery conviction does not fall under any of these examples.

Rather, the Appellant argues that his sentence is illegal because the sentencing court erred in classifying him as a career offender. Generally, a trial court's error "in offender classification" will not "render the sentence illegal so long as the classification falls within the purview of the Sentencing Act." Cantrell v. Easterling, 346 S.W.3d 445, 458 (Tenn. 2011). This is because an error in the offender classification does not create a sentence that is not authorized by the applicable statutes or that directly contravenes an applicable statute. The Appellant's thirty-year sentence for a Class B felony conviction was a statutorily authorized sentence for a Range III, career offender. See Tenn. Code Ann. § 40-35-112(c)(2).

The only time an error in the classification of an offender would ever rise to the level of an illegal sentence would be if a trial court, somehow, classified a defendant in a category not available under the Sentencing Act. Cantrell, 346 S.W.3d at 458-59. Put another way, an offender classification would create an illegal sentence only if the trial court classified a defendant in a category for which it did "not have the authority or the jurisdiction to classify a defendant." Id. at 458. Otherwise, "[c]orrection of an alleged error in offender classification must be sought on direct appeal." Id.; see also Tenn. Code Ann. § 40-35-108(d) (authorizing direct appellate review of a defendant's classification as a career offender).

Even if the Appellant's allegations about his offender classification were taken as true, they would not present a colorable claim that his sentence for the 2003 aggravated robbery conviction was illegal. Any error in the sentencing court's classification of the Appellant as a career offender should have been raised on direct appeal. The same reasoning also applies to the Appellant's argument that his sentence was illegal because he was denied his right to "allocution" at the sentencing hearing. Failure to allow a defendant to speak on his own behalf at sentencing is an issue that should be raised on direct appeal and would not create a sentence that is not authorized by the applicable statutes or that directly contravenes an applicable statute. See William W. Osepczuk v. Ricky J. Bell, Warden, No. M2006-00131-CCA-R3-HC, 2007 WL 49552, at *3 (Tenn. Crim. App. Jan. 8, 2007) (holding that a

petitioner's claim that he was not allowed to speak on his own behalf at sentencing was "not a recognized claim for habeas corpus relief" that would make the sentence illegal or otherwise  void the judgment of conviction).  Accordingly, we affirm the trial court's summary denial of the Appellant's Rule 36.1 motion to correct an illegal sentence.

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE