
# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs November 16, 2016 at Knoxville

## STATE OF TENNESSEE v. JACKIE PHILLIP LESTER

**Appeal from the Circuit Court for Lawrence County**
**No. 32698     J. Russell Parkes, Judge**

_____

### No. M2016-00700-CCA-R3-CD

_____

Defendant, Jackie Phillip Lester, pled guilty to aggravated assault and possession of a firearm after having been convicted of a felony. He was sentenced to six years, suspended to probation.  Defendant violated probation, and the trial court ordered a partial revocation of the probationary sentence and service of eighteen months in incarceration. Defendant was released from incarceration and violated probation for the second time shortly thereafter.  This time the trial court revoked Defendant's probation, ordering him to serve the original six-year sentence.  The trial court awarded Defendant credit for time served during the partial revocation and prior to sentencing on the full revocation.  On appeal, Defendant complains that the trial court did not award him all his due jail credit. Because the proper method to address post-judgment jail credit is through the Uniform Administrative Procedures Act rather than an appeal to this Court, we affirm the judgment of the trial court.  However, we remand the case for the correction of a clerical error in the revocation order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., J., joined.  D. KELLY THOMAS, JR., J., filed a dissenting opinion.

Brandon E. White, Columbia, Tennessee (on appeal); Claudia Jack, District Public Defender; and R. H. Stovall, Jr., Assistant Public Defender (at hearing), for the appellant, Jackie Phillip Lester.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Counsel; Brent Cooper, District Attorney General; and Christi Thompson, Assistant District Attorney, for the appellee, State of Tennessee.

# OPINION

Defendant was indicted in the fall of 2014 by the Lawrence County Grand Jury for attempted first degree murder and unlawful possession of a firearm with the intent to go armed. He eventually pled guilty to aggravated assault and possession of a firearm after having been convicted of a felony. He received a three-year sentence for each conviction on March 9, 2015. The sentences were ordered to be served consecutively to each other, and the trial court ordered the sentences to be served on supervised probation.

On May 15, 2015, Defendant was arrested for driving under the influence, failure to stop at a stop sign, and having an improper address on his driver's license. A probation violation warrant was filed, alleging Defendant had violated the terms and conditions of his probation because of his arrest as well as for failure to pay court costs, fines, and restitution.

Defendant was arrested and the trial court ordered a partial revocation of his probationary sentence on July 23, 2015. He was ordered to serve eighteen months in the county jail, with credit for time served between June 4, 2015, and July 23, 2015. Defendant was released on December 21, 2015.

A second probation violation warrant was filed on February 9, 2016, alleging that Defendant had been arrested for unlawfully carrying or possessing a weapon. The warrant additionally alleged that Defendant had failed to pay fines, court costs, and restitution.[1] At the conclusion of a hearing on March 15, 2016, the trial court determined that Defendant had violated the terms and conditions of probation and ordered full revocation of Defendant's probationary sentence. At the hearing, Defendant argued that he was entitled to credit for the entire eighteen-month period he was ordered to serve following the partial revocation, not just the time he actually served. The trial court continued the matter to March 31, 2016, to allow Defendant additional time to "get someone from the jail up to testify about the sentencing credits" Defendant was due for the time he served on the partial revocation.

---

[1] There appears to be several clerical errors on the Probation Violation Report. It lists violations of "Rule #1," "Rule #3," and "Rule #9," giving the text of each probationary rule and the manner in which the rule was violated. According to the report, Rule #3 and Rule #9 both state: "I agree to pay all required fees to the Supervision and Criminal Injuries fund unless waived by appropriate authorities. Additionally, if so ordered by the Court, I will pay all imposed fines and court costs." The violation of Rule #3 is listed as follows: "Subject was arrested on 2/7/16 for Unlawful Carrying or Possession of a Weapon." This mistake is repeated again in the affidavit accompanying the report. The probation rule violations actually indicate that Rule #3 states the following: "I will not receive, own, possess, ship, or transport any firearms, ammunition, or illegal weapon(s)."

At the hearing on March 31, the trial court heard testimony from Lieutenant Jamie Mahar, who was employed as the jail administrator for the Lawrence County Sheriff's Department. He testified that Defendant entered the county jail on June 4, 2015, and was released on December 21, 2015, after serving 200 days. While in the county jail, Defendant received "statutory good time" or "behavior credits" of 126 days and also received work credit. When all of these credits were applied to the eighteen-month partial revocation, Defendant received early release before being restored to probation. In other words, application of the credits shaved approximately seven months off of the eighteen-month sentence. In Lieutenant Mahar's experience, the Tennessee Department of Correction ("TDOC") did not accept county jail behavior or work credits toward a partial-revocation sentence. Defendant was also incarcerated from February 7, 2016, to March 31, 2016, on the second violation warrant. On March 31, 2016, the trial court entered a revocation order imposing the original six-year sentence, effective "3-15-15"[2] with credit for time served from "6/4/15 to 12/21/15" and "2/7/16 to 3/31/16."

Defendant filed a timely notice of appeal.

*Analysis*

On appeal, Defendant does not challenge the revocation of probation and implementation of his six-year sentence. Counsel for Defendant acknowledges that controlling law is diametrically opposed to his position but, in the spirit of zealous advocacy, argues that the trial court improperly concluded that it could only award jail credit for time actually served in the county jail during the time Defendant spent incarcerated on the eighteen-month partial revocation of his probation. The State insists that the "role of calculating post-judgment jail credit belongs to TDOC and not to the trial court" and that Defendant is not entitled to relief.

When a defendant receives a sentence, the trial court "shall" note on the judgment any credit a defendant is entitled to

> for any period of time for which the defendant was committed and held in the city jail . . . , or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse, or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

---

[2] This appears to be a clerical error and should read "3-15-16" as it would be impossible for Defendant to be revoked from probation prior to the time he committed the alleged violations. On remand, the trial court should correct the revocation order to reflect the sentence effective date of March 15, 2016.

T.C.A. § 40-23-101(c). TDOC is tasked with "calculating the sentence expiration date and the release eligibility date of any felony offender sentenced to the department and any felony offender sentenced to confinement in a local jail or workhouse for one (1) or more years." T.C.A. § 40-35-501(r);[3] *see also* T.C.A. § 40-28-129 (stating TDOC "shall be responsible for calculating the sentence expiration date and the earliest release date of any felony offender sentenced to the department of correction and any felony offender sentenced to confinement in a county jail or workhouse for one (1) or more years"). In this case, because Defendant was detained in the local jail prior to his sentencing, the local sheriff was required to submit a report to the TDOC that included information "pertaining to the defendant's behavior while in local custody." T.C.A. § 40-23-113.

Defendant acknowledges that "[t]he proper avenue to address post-judgment jail credit for prisoners is through the TDOC administratively," yet he insists that his due process rights have been violated because the good behavior credits he received have vanished. This argument is without merit for a number of reasons, including the fact that what may have been good behavior has in fact turned to bad.

Further, this Court has previously noted that while a trial court can award pretrial jail credits, sentence reduction credits "are governed solely by the Department of Correction." *Yates v. Parker*, 371 S.W.3d 152, 156 (Tenn. Crim. App. 2012) (concluding that "claims for post-judgment jail credit are not cognizable habeas corpus claims"). Thus, Defendant is not entitled to relief in this Court. In this Court's view, once Defendant violated his probation, his sentence is placement in a penal facility for 2,190 days (six years) with credit for pre-judgment incarceration time.

Moreover, the record on appeal does not contain any documentation from the TDOC to indicate a calculation of Defendant's sentence and, therefore, no documentation that Defendant has indeed been denied the credit he claims he deserves. Consequently, there is nothing for this Court to review. The proper avenue to seek review of the calculation of a prisoner's sentence is through the Uniform Administrative Procedures Act, not an appeal to this Court. *See* T.C.A. §4-5-101, *et. seq.*

For the foregoing reasons, the judgment of the trial court is affirmed and remanded for correction of the revocation order.

_____
TIMOTHY L. EASTER, JUDGE

---

[3] There is an amendment to this statute effective January 1, 2017, but the amendment does not apply to section (r).