IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 19, 2020

**STATE OF TENNESSEE v. WILLIAM HENRY SMITH, JR.**

**Appeal from the Circuit Court for Bedford County**
**No. 18080     Forest A. Durard, Jr., Judge**

_____

**No. M2020-00125-CCA-R3-CD**
_____

Petitioner, William Henry Smith Jr., was convicted of conspiracy to sell and deliver .5 grams or more of cocaine and received a fifteen-year sentence of imprisonment. The Petitioner filed a Rule 36.1 motion to correct an illegal sentence, which was summarily dismissed by the trial court. Petitioner raises the following issues for our review: (1) whether Petitioner's allegation that he was erroneously classified as a career offender fails to state a colorable claim that his sentence is illegal; and (2) whether Petitioner's right to due process of law was violated by the imposition of a sentence longer than what is required for a persistent offender. Upon review, we affirm the summary dismissal by the trial court.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and TIMOTHY L. EASTER, JJ., joined.

William Henry Smith, Jr., Nashville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; T. Austin Watkins, Assistant Attorney General; Robert J. Carter, District Attorney General; and Mike Randles, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The Petitioner, William Henry Smith, Jr., appeals the Bedford County Circuit Court's summary dismissal of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. On appeal, the Petitioner argues that the trial court erred by summarily dismissing his motion. Upon review, we agree with the trial court.

On February 18, 2016, a Bedford County jury convicted the Petitioner, William Henry Smith, Jr., of conspiracy to sell and deliver .5 grams or more of cocaine, a Class C felony. The Petitioner was sentenced as a Range III, career offender to fifteen years' imprisonment. On direct appeal, the Petitioner argued that the evidence presented at trial was insufficient to convict him. State v. William Henry Smith Jr., No. M2016-01475-CCA-R3-CD, 2017 WL 127863, at *5 (Tenn. Crim. App. Jan. 13, 2017). The Petitioner did not challenge his classification as a Range III, career offender. Id. This court affirmed the Petitioner's conviction and sentence. Id. at *7. The Petitioner subsequently filed a petition for post-conviction relief alleging that he received ineffective assistance of counsel. See William Henry Smith Jr. v. State, No. M2018-01302-CCA-R3-PC, 2019 WL 3287068 (Tenn. Crim. App. July 22, 2019). This court affirmed the post-conviction court's denial of relief on appeal. Id. at *1.

On November 14, 2019, the Petitioner filed a "Motion to Correct Illegal Sentence" pursuant to Tennessee Rule of Criminal Procedure 36.1. In the motion, the Petitioner argued that he was improperly classified as a Range III, career offender because he had not been convicted of six or more prior Class A, B, or C felonies. Tenn. Code Ann. § 40-35-108(a)(1) (2010). The trial court ordered the State to respond to the Petitioner's motion. The record does not contain a response from the State. On December 20, 2019, the trial court summarily dismissed the Petitioner's Rule 36.1 motion. It is from this order that the Petitioner now timely appeals.

## ANALYSIS

On appeal, the Petitioner argues that the trial court erred in summarily dismissing his motion to correct an illegal sentence. In his brief, the Petitioner repeats the assertion from his Rule 36.1 motion that he was improperly classified as a Range III, career offender. The State responds that the trial court properly dismissed the motion because the Petitioner failed to present a colorable claim of an illegal sentence. We agree with the State.

Pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure, "[e]ither the defendant or the state may, at any time, seek the correction of an illegal sentence[.]" Tenn. R. Crim. P. 36.1(a). "For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Id. A petitioner is only entitled to a hearing and appointment of counsel "[i]f the motion states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b); see Marcus Deangelo Lee v. State, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *6 (Tenn. Crim. App. Mar. 7, 2014). This court has stated that a colorable claim "'is a claim . . . that, if taken as true, in the light most favorable to the [petitioner], would entitle [the petitioner] to relief[.]'" State v. David A. Brimmer, No. E2014-01393-CCA-R3-CD, 2014 WL 201759, at *2 (Tenn. Crim. App. Dec. 18, 2014) (citing and quoting State v. Mark Edward

Greene, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014)); Tenn. Sup. Ct. R. 28 § 2(H).

We need not belabor this issue. Petitioner bases his claim of sentence illegality on the trial court's classification of him as a Range III, career offender. He insists that he does not meet the requirements for a career offender but instead qualifies as a persistent offender. This court has repeatedly held an alleged error in offender classification should be raised on direct appeal and does not provide a basis for relief under Rule 36. See Cantrell v. Easterling, 346 S.W.3d 445, 449-53 (Tenn. 2011), perm. app. denied (Tenn. Nov. 19, 2014) (distinguishing between "appealable errors" and "fatal errors" in sentencing and noting that "if a defendant is aggrieved by the trial court's determination that he is a multiple offender, he may raise this issue on direct appeal."); see also State v. Jonathan T. Deal, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014) (explaining that Rule 36.1 provides a means for correcting an illegal sentence as finally imposed, not the methodology by which the sentence is imposed); State v. Robert B. Ledford, No. E2014-01010-CCA-R3-CD, 2015 WL 757807, at *2 (Tenn. Crim. App. Feb. 23, 2015), perm. app. denied (Tenn. June 12, 2015) (stating that "an error in the offender classification does not create a sentence that is not authorized by the applicable statutes or that directly contravenes an applicable statute.").[1] Moreover, "[a] trial court's conclusion with regard to a defendant's offender classification 'rests on issues of fact—the number, classes, and dates of prior convictions—which must be determined 'beyond a reasonable doubt.'" Yates v. Parker, 371 S.W.3d 152, 156 (Tenn. Crim. App. 2012) (quoting Cantrell, 346 S.W.3d at 451). "While a trial court may make an error in offender classification, the error is not going to render the sentence illegal so long as the classification falls within the purview of the Sentencing Act." Id. (quoting Cantrell, 346 S.W.3d at 458); State v. Anthony Robinson, No. W2015-02482-CCA-R3-CD, 2016 WL 7654949, at *2 (Tenn. Crim. App. Aug. 26, 2016).

Petitioner's conviction for conspiracy to sell and deliver .5 grams or more of cocaine is a Class C felony. Tenn. Code Ann. §§ 39-12-107(c), -17-417(c)(1) (2019). The statutorily authorized sentence for a Class C felony is "not less than three (3) years and not more than fifteen (15) years." Tenn. Code Ann. § 40-35-111(b)(3) (2010). The sentence Petitioner received, fifteen years, was within the statutory range of three to fifteen years.

---

[1] Petitioner argues that Cantrell is inapplicable because it addresses writs of habeas corpus and was decided before the enactment of Rule 36.1. 346 S.W.3d at 453. However, Rule 36.1 was enacted to replace writs of habeas corpus as the "mechanism for a defendant or the State to correct an illegal sentence." Tenn. R. Crim. P. 36.1 Advisory Comm'n Cmt. (amended 2016). The Tennessee Supreme Court has held that the error categories established by Cantrell in the habeas corpus context apply to Rule 36.1 motions. State v. Wooden, 478 S.W.3d 585, 594-95 (Tenn. 2015) ("the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context").

Notwithstanding the trial court's finding that Petitioner was a career offender, Petitioner's allegation that he was improperly sentenced does not render his sentence illegal. Petitioner's due process claim is a general attack on the excessive nature of his sentence and is similarly without merit. Accordingly, the trial court properly denied his Rule 36.1 motion, and Petitioner is not entitled to relief.

## **CONCLUSION**

Because the Petitioner has failed to state a colorable claim for relief pursuant to Rule 36.1, we affirm the summary dismissal of his motion to correct an illegal sentence.

_____
CAMILLE R. MCMULLEN, JUDGE