IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 1, 2022

**STATE OF TENNESSEE v. JEREMIAH EMERY**

**Appeal from the Circuit Court for Madison County**
**No. 18-566   Donald H. Allen, Judge**

———————————————————

**No. W2021-00086-CCA-R3-CD**

———————————————————

Defendant, Jeremiah Emery, entered open guilty pleas to one count of possession of marijuana with intent to sell (Count 1), one count of possession of marijuana with intent to deliver (Count 2), one count of possession of drug paraphernalia (Count 3), two counts of possession of a firearm during the commission of a dangerous felony (Counts 4 and 5), and one count of unlawful possession of a firearm (Count 6).  The trial court sentenced Defendant to a total effective sentence of five years in confinement.  On appeal, Defendant argues that the trial court abused its discretion by misapplying enhancement factors and ordering the maximum sentence for Counts 1 and 2, that the trial court erred in denying a probated sentence for Counts 1 and 2, and that the trial court erred in ordering Defendant to serve the conviction for possession of a firearm during the commission of a dangerous felony to be served after Counts 1 and 2.  Following our review of the entire record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Brian D. Wilson, Franklin, Tennessee (on delayed appeal), Gregory D. Gookin, Jackson, Tennessee (on appeal), and Harold Dorsey, Alamo, Tennessee (at trial), for the appellant, Jeremiah Emery.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Andrew Craig Coulam, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Bradley F. Champine and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual and Procedural Background

On July 30, 2018, a Madison County Grand Jury indicted Defendant in Count 1 with possession of marijuana with intent to sell, Count 2 with possession of marijuana with intent to deliver, Count 3 possession of drug paraphernalia, Counts 4 and 5 with possession of a firearm with intent to go armed during the commission of a dangerous felony, and Count 6 with unlawful possession of a firearm. The following statement of facts was presented at Defendant's plea hearing:

> Your Honor, may it please the Court, the State will show at trial today that on January the 10th of 2018, that night officers with the Jackson Police Department's Street Crimes Unit and Metro Narcotics Unit and [SWAT] Team executed a search warrant at 1580 North Royal Street, Apartment 901, which is located in Madison County, Tennessee. Upon arrival, JPD Swat Officers knocked and announced that they were the police and waited for a reasonable amount of time and then forced entry into the apartment. Contact was made with Mr. Jeremiah Emery who is in the back bathroom and the door open and Mr. Emery was detained.
>
> A search of the apartment revealed several items including an orange book bag on the living room floor and the book bag contained three glass jars of marijuana weighing approximately 80.3 grams, 11.3 grams and 10.5 grams. A black digital scale with marijuana residue was located under the couch close to the book bag. On a small table by the front door is a silver .22 caliber Phoenix Arms HP-22 handgun that was loaded with one round in the chamber and seven live rounds in the inserted magazine. The table also had a small bag of marijuana that weighed approximately 4.9 grams and an open box of sandwich bags. Another open box of sandwich bags was located on the living room TV stand along with another box of .22 caliber ammunition that contained 92 live rounds.
>
> There was seven other people in the apartment that were detained with Mr. Emery and everyone was interviewed and gave statements. Mr. Emery was interviewed by Investigator Arnold with the Metro Narcotics at which time he was read his rights and did give a statement where he took responsibility for the marijuana that was found inside the book bag. He took responsibility for the digital

scale that was located underneath the couch and also took responsibility for the handgun. He did admit to Officer Arnold that he does use marijuana and he began selling marijuana so that he could pay for the marijuana and not have to buy from other people. He did admit that he got the gun to protect himself because he had been recently robbed.

The drugs were sent off for testing to the TBI and Rachel Strandquist with the TBI prepared a lab report and did confirm that the suspected marijuana did test positive and was in fact marijuana. The marijuana came back from one of the glass mason jars from inside the book bag as a total tested weight of 78.31 grams. The marijuana that came from the table next to the gun tested at 3.49 grams. Because all of the statement taken from the individuals were consistent with each other, only Mr. Emery was charged with possession with intent as well as possession of the firearm during the commission of a dangerous felony. The other individuals were given I believe misdemeanor citations.

Defendant agreed with the prosecutor's description of the facts but argued that he was smoking the marijuana, not selling it. The prosecutor then read the statement Defendant had given to law enforcement:

The bag of marijuana that was laying on the table with the gun is mine. I had just bagged it up for my personal smoke sta[sh]. The three glass jars that were in the backpack in the living room belonged to me. The big jar had regular weed in it and the small jars had gas or high grade marijuana. The digital scale found in the living room floor is mine and I use it to weight out and buy bags of marijuana. I sell marijuana and have been selling marijuana for a couple of months. I started selling marijuana because I got tired of buying it for everyone else to smoke. I started selling so I could smoke for free. The two boxes of sandwich bags found in the living room are mine and I use them to bag up the marijuana that I sell. I sell regular marijuana for $5 a gram and sell gas or high grade marijuana for $15 a gram.

Defendant admitted that he made the above statement. Defendant pled guilty to all charges and acknowledged that he understood his trial and appellate rights, that he was waiving those rights, and that he could not withdraw his plea. The trial court reviewed the sentencing range and fines Defendant faced for each of his convictions. Defendant

acknowledged that he understood the possible sentences for each of his convictions. The trial court explained that it would have to consider the length of each of Defendant's sentences, whether to impose an alternative sentence, and whether to align the sentences concurrently or consecutively. Defendant affirmed that he understood. After reviewing the facts as described above, the trial court accepted Defendant's pleas.

*Sentencing Hearing*

At the sentencing hearing, the only evidence offered by the State was the presentence report. The State argued that, although Defendant was a Range I offender, he should serve all sentences in confinement without probation based on his prior misdemeanor convictions for simple possession of marijuana, driving on a suspended license, and for committing these crimes while being on unsupervised probation for other sentences. Therefore, the State recommended that Defendant serve three years at 100 percent for possession of a firearm during the commission of a dangerous felony as required by law to run consecutively to a one-year, eight-month sentence at thirty percent for possession of marijuana with intent to sell and deliver plus a $2,000 fine for Counts 1 and 2 which would merge. Finally, the State suggested a concurrent, eleven-month, twenty-nine-day sentence for possession of drug paraphernalia with a $150 fine, and a concurrent eleven-month, twenty-nine-day sentence at seventy-five percent for unlawful possession of a firearm.

Defendant entered into evidence his certificate of completion from the trial court's "Life's Healing Choices" course which he had completed while incarcerated. Defendant offered no other evidence. Defendant argued in favor of an alternative sentence of probation for all charges, except for the mandatory three-year sentence at 100 percent for the conviction of possession of a firearm during the commission of a dangerous felony conviction. Defendant suggested that he was fit for probation based on his completion of the trial court's drug class, his personal development since being incarcerated, and the fact that the instant charges were his first felony convictions.

The trial court considered the evidence presented when Defendant entered his guilty pleas, the presentence report, the principles of sentencing, the arguments of counsel, the nature and characteristics of the criminal conduct, and the evidence offered by the parties, including Defendant's statement set out in the presentence report, in which Defendant said the following: "The marijuana in my possession at the time of my arrest was for personal use. I was in possession of scales and baggies to weigh and bag marijuana purchased from other people. I wanted to double check the weight. I have not used illegal drugs since my arrest."

The trial court found the above statement by the Defendant not credible, stating, "I don't really give it a lot of credibility because I don't think it's true." The trial court also considered Defendant's potential for rehabilitation and treatment finding that Defendant's completion of the Life's Healing Choices course suggested that he had "some type of potential for rehabilitation" which the trial court gave "very very slight weight."

The trial court then considered and applied three enhancement factors: (1) that Defendant had a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range; (2) that defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community; and (3) that at the time the felony was committed, defendant was released on probation. T.C.A. §40-35-114 (1), (8), and (13)(C). Regarding Enhancement Factor 1, the trial court found that Defendant's prior criminal record of his August 2017 conviction for possession of marijuana and his December 2017 conviction for driving on a suspended license warranted great weight. The trial court allocated "very slight weight" to Defendant's six minor traffic offenses. The trial court also considered Defendant's admitted criminal conduct of marijuana and alcohol usage as a minor and gave "great weight" to that "criminal behavior." The trial court also considered and applied Enhancement Factors 8 and 13(c)[1] based on information in the presentence report that Defendant had committed the instant offenses while he was on probation for two cases arising out of Jackson City Court, and his conviction for driving on a suspended license occurred while he was on probation for his conviction of simple possession of marijuana. The trial court reasoned:

> Now, I also find as an enhancement factor that the defendant before trial or sentencing in this case has failed to comply with the conditions of a sentence involving release into the community. I show that on at least two different dates that being December 27th, 2017 and then also January 10th, 2018 that he committed violations of the law while he was already on probation for other violations of the law. So, I do give great weight to that factors (sic).
>
> Finally as an enhancement factor under the statute, I do find Factor No. 14 (sic) that at the time that he committed these felony drug offenses and at the time that he committed this felony handgun offense plus committed possession of drug paraphernalia, all of that on January the 10th of 2018, he was actually on probation out of

_____

[1] The trial court stated that it was applying Enhancement Factor 14, but in its analysis, clearly applied Enhancement Factors 8 and 13(c). Enhancement Factor 14 deals with a position of public or private trust which was not an issue in this case.

Jackson City court in two different cases. He was on probation out of Jackson City Court for an 11 months and 29 day sentence involving possession of marijuana. He was also on probation out of Jackson City Court for a six month sentence involving driving on a suspended license. Two separate cases for which he had been granted probation and then while on probation committed these new offenses. So I do give great weight to each of these three different enhancement factors.

The trial court did not find any mitigating factors applicable but did give "some slight weight" to the fact that Defendant was twenty-three years old at the time of sentencing and "still young" for purposes of mitigation. However, the trial court believed that Defendant was "old enough to know better than to commit these offenses." The trial court also gave "slight consideration" to the fact that Defendant had been incarcerated since January 2018 and had completed the Life's Healing Choices program.

Prior to Defendant's sentencing hearing, the parties agreed that Defendant was a Range I Offender. The trial court merged Counts 4 and 5, possession of a firearm during the commission of a dangerous felony and ordered Defendant to serve three years in confinement at 100 percent as required by law. The trial court also merged Counts 1 and 2, the two felony marijuana convictions, and ordered Defendant to serve the maximum of two years. Finally, the trial court ordered Defendant to serve an eleven-month, twenty-nine-day sentence for possession of drug paraphernalia and a six-month sentence for unlawful possession of a firearm. The trial court ordered the two-year sentence for the felony marijuana conviction to run consecutively to the three-year sentence for the felony firearm conviction and the misdemeanor convictions to run concurrently with the other convictions for a total effective sentence of five years. The trial court found that Defendant was not a suitable candidate for probation and ordered all sentences to be served in confinement. Defendant did not file an immediate appeal. We view this petition as one for post-conviction relief pursuant to the Post-Conviction Procedure Act. As such, the post-conviction court had jurisdiction to grant a delayed appeal pursuant to Tennessee Code Annotated section 40-30-113, and that court entered an order granting delayed appeal on January 12, 2021. This appeal followed.

**Analysis**

On appeal, Defendant contends that the trial court erred in imposing the maximum sentences for his felony marijuana conviction as a result of misapplication of enhancement factors, that the trial court erred in denying probation, and that the trial court erred in ordering Defendant to serve the mandatory three-year conviction for possession of a firearm during the commission of a dangerous felony after serving the felony marijuana

sentence. The State argues that the trial court correctly applied multiple enhancement factors and considered Defendant's suitability for probation and did not abuse its discretion in sentencing Defendant. We agree with the State.

When an accused challenges the length of a sentence, this court reviews the trial court's sentencing determinations under an abuse of discretion standard accompanied by a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). "This abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing." *State v. Caudle*, 388 S.W.3d 273, 278 (Tenn. 2012). A finding of abuse of discretion indicates the "trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case." *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001). A trial court has not abused its discretion unless "the record [is] void of any substantial evidence that would support the trial court's decision." *Id.*

In making sentencing decisions, trial courts must consider the following: (1) the evidence received at trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the conduct involved; (5) evidence and information offered by the parties regarding the statutory mitigation and enhancement factors set out in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement the defendant wishes to make on his own behalf; and (8) the result of the validated risk and needs assessment conducted by the department and contained in the presentence report. *See* T.C.A. § 40-35-210(b).

"A trial court's misapplication of an enhancement or mitigating factor does not invalidate the sentence imposed unless the trial court wholly departed from" the sentencing statutes. *Bise*, 380 S.W.3d at 706. A sentence within the appropriate range will be upheld "so long as there are other reasons consistent with the purposes and principles of sentencing, as provided by statute." *Id.*

*Enhancement Factors*

Defendant argues that the trial court abused its discretion by imposing the maximum sentence for his felony marijuana conviction and misapplied all enhancement factors. The trial court found that Defendant had a prior criminal history at the time of his sentencing. *See* T.C.A. § 40-35-114(1). "The defendant has a previous history of *criminal convictions or criminal behavior*, in addition to those necessary to establish the appropriate range." *Id.* (emphasis added). This court has recognized that a trial judge may find evidence of

- 7 -

criminal *behavior* even though there has been no conviction. *State v. Ward,* 138 S.W.3d 245, 282 (Tenn. Crim. App. 2003) (citing *State v. Massey,* 757 S.W.2d 350, 352 (Tenn. Crim. App. 1988)). A trial court may even apply enhancement factor based on facts underlying an offense for which the defendant has been acquitted, so long as the facts have been established in the record by a preponderance of the evidence. *Id.* (citing *State v. Winfield,* 23 S.W.3d 279, 283 (Tenn. 2000)). In applying this enhancement factor, the trial court afforded "great weight" to Defendant's convictions for simple possession of marijuana and driving on a suspended license and gave "very slight weight" to Defendant's six other traffic incidents documented in the presentence report. The trial court also gave "great weight" to Defendant's admitted criminal behavior of underage use of alcohol and marijuana. Defendant contends that this factor was misapplied because Defendant's convictions were not severe. Defendant also argues that Tennessee courts have not provided a specific definition for "criminal behavior" within the context of application of this enhancement factor. The record is clear that Defendant had prior criminal convictions at the time of his sentencing and admitted criminal behavior sufficient for the trial court to have applied Enhancement Factor 1[2].

Defendant next argues that the trial court misapplied Enhancement Factor 8, which provides for sentence enhancement when a defendant, "before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community[.]" T.C.A. § 40-35-114(8). Defendant argues that this factor does not apply when the defendant's failure to comply occurred through the commission of the offense at issue in the sentencing hearing. The record is clear that Defendant violated his August 2017 probated sentence for simple possession of marijuana when he was charged with and convicted of driving on a suspended license in December 2017. Then while serving a sentence of probation for driving on a suspended license, Defendant was charged and convicted of the instant offenses. Defendant argues that the Jackson City Court did not issue a probation violation warrant. However, Tennessee Code Annotated section 40-35-114(8) requires only that the sentencing court find that Defendant "failed to comply with the conditions of a sentence involving release into the community." A finding of a violation of the terms of probation is not required. The trial court did not abuse its discretion in applying Enhancement Factor 8, having found that Defendant failed to comply with the conditions of a sentence involving release into the community before trial or sentencing.

Defendant also contests the trial court's analysis of Enhancement Factor "14," arguing that it does not appear to align with the actual language of the enhancement factor when a defendant abuses a position or public or private trust. Based on the record, the trial

---

[2] As noted in Defendant's reply brief, we are aware that *State v. Quinton Devon Perry*, No. W2019-01553-SC-R11-CD (Tenn. Nov. 18, 2021) is pending before the Supreme Court. However, the issue raised in *Perry* relates to what constitutes prior criminal activity for the purposes of consecutive sentencing, not for purposes of enhancement, and are therefore not relevant to Defendant's appeal.

simply court misspoke when it referenced factor 14 because in its analysis, the trial court explained that it found enhancement necessary based on the fact that Defendant was "on probation out of Jackson City Court in two different cases" when he committed the offenses in this case. Enhancement Factor 13(c) provides that "[a]t the time the felony was committed, one (1) of the following classification was applicable to the defendant: . . . (c) Released on probation." T.C.A. § 40-35-114(13)(c). The trial court's misstatement of the specific number of the enhancement factor it applied does not invalidate Defendant's sentence. The record supports the application of Enhancement Factor 13(c) to Defendant's sentence. Defendant is not entitled to relief on his claims that the trial court misapplied all enhancement factors.

Defendant also complains that the trial court did not reference its consideration of any information from the Administrative Office of the Courts regarding sentencing practices. *See* T.C.A. § 40-35-210(b)(6). However, Defendant fails to provide any evidence that his within-range sentence was inconsistent with the sentencing practices for similar offenses in Tennessee. The burden is on the challenging party to prove the impropriety of the sentence imposed. *State v. Hooper,* 29 S.W.3d 1, 5 (Tenn. 2000). Defendant failed to meet his burden of proving that his sentence was improper in light of the sentencing practices for similar offenses in Tennessee.

*Probation*

While conceding that his conviction for possession of a firearm during commission of a dangerous felony is required to be served in confinement, Defendant argues that the trial court erred in denying an alternative sentence for his felony marijuana conviction. When a trial court denies probation or any other alternative sentence to an eligible defendant and states on the record reasons in accordance with the purposes and principles of sentencing, the court's decision is reviewed under an abuse of discretion standard, accompanied by a presumption of reasonableness. *Caudle,* 388 S.W.3d at 278-79; *Bise,* 380 S.W.3d at 707. We will reverse the trial court's decision for abuse of discretion "only when the court applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the pay complaining." *State v. Gilliland,* 22 S.W.3d 266, 270 (Tenn. 2000) (quoting *State v. Shirley,* 6 S.W.3d 243, 247 (Tenn. 1999)). Tennessee Code Annotated section 40-35-103, requires the trial court to consider the following factors to determine whether a sentence of confinement is appropriate:

> A. Confinement is necessary to protect society by restraining a defendant who has a long history of criminal confinement.

B.  Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

C.  Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

T.C.A. § 40-35-103(1)(A)-(C).  When Defendant committed the crimes in this case, he was serving other sentences on probation and had violated the terms of his probation by committing new crimes.  In addition to considering Defendant's lack of success with probation, the trial court announced that it had considered Defendant's physical and mental condition, the facts and circumstances of the offense, and Defendant's criminal history.  The trial court was troubled by Defendant's pattern of violating the terms of his probation and found that less restrictive measures than confinement had been applied recently and were unsuccessful.  The trial court also found Defendant not to be credible in his statement to the presentence report investigator that all of the marijuana was for personal use and that he used scales and baggies to weigh and bag marijuana he purchased from other people.  *See State v. Sharp,* 327 S.W.3d 704, 716 (Tenn. Crim. App. 2010) ("The trial court may consider a defendant's untruthfulness and lack of candor as they relate to the potential for rehabilitation").  The trial court considered Defendant's history of criminal conduct resulting in sentences where measures less restrictive than confinement were unsuccessful.  *See* T.C.A. § 40-35-103(1)(C).  Defendant is not entitled to relief on this issue.

*Alignment of Sentences*

We first note that Defendant does not challenge the consecutive nature of his sentences, but only the order of the sentences.  Defendant argues that the trial court erred when it ordered his sentence for possession of a firearm during the commission of a dangerous felony to be served consecutively to the felony marijuana sentence because it must be served 100 percent before release eligibility, and he will be eligible for release on his felony marijuana sentence after thirty percent.  The applicable statutes provide that "it is an offense to possess a firearm or antique firearm with the intent to go armed during the commission of or attempt to commit a dangerous felony."  T.C.A. § 39-17-1324(a).  "A sentence imposed for a violation of subsection (a) or (b) shall be served consecutive to any other sentence the person is serving at the time of the offense or is sentenced to serve for conviction of the underlying dangerous felony."  *Id.* § 39-17-1324(e)(1).  "A violation of subsection (a) is a Class D felony, punishable by a mandatory minimum three-year sentence to the department of correction."  *Id.* § 39-17-1324(g)(1).  "There shall be no release eligibility for a person committing a violation of § 39-17-1324(a) or (b) on or after January 1, 2008, until the person has served one hundred percent (100%) of the minimum

mandatory sentence established in § 39-17-1324(g) or (h) and imposed by the court less sentence credits earned and retained[.]" T.C.A. § 40-35-501(j).

In this case, the trial court ordered Defendant's sentence for possession of a firearm during the commission of a dangerous felony to run consecutively to the underlying felony marijuana conviction as set out in the statute. Defendant cites to no cases that suggest that his firearm sentence must run first, nor has our review yielded any caselaw to suggest the same. Defendant raises concerns regarding calculation of his eligibility for release based on the alignment of the sentences; however, such concerns are outside the purview of this court and are handled by the Tennessee Department of Correction (TDOC). TDOC possesses the authority to determine the release eligibility and sentence expiration of defendants "regardless of where they are housed." *Yates v. Parker,* 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see also* T.C.A. § 40-35-501(r). The trial court's order was not inconsistent with the statute and is therefore presumptively reasonable. Defendant is not entitled to relief on this issue.

**Conclusion**

Based on the foregoing analysis, we affirm the judgments of the trial court.

_____
JILL BARTEE AYERS, JUDGE