IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 1, 2022

**WILLIAM EBLEN v. KEVIN GENOVESE, WARDEN**

**Appeal from the Circuit Court for Lake County**
**No. 21-CR-10790    R. Lee Moore, Jr., Judge**

———————————————————

**No. W2021-01090-CCA-R3-HC**

———————————————————

The *pro se* petitioner, William Eblen, appeals the denial of his petition for writ of habeas corpus by the Circuit Court for Lake County, arguing the trial court erred in summarily dismissing his petition. He insists his sentence should have expired, but the Tennessee Department of Correction "erased" sentence reduction credits he had earned. The State contends the trial court properly dismissed the petition. Upon our review of the record, the applicable law, and the briefs of the parties, we affirm the ruling of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and JOHN W. CAMPBELL, SR., JJ., joined.

William Eblen, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Senior Assistant Attorney General; Danny Goodman, Jr., District Attorney General; and Herbert Harrison, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

In 2001, the petitioner was convicted of two counts of aggravated rape and one count of aggravated kidnapping for which he was sentenced as a violent offender to an effective sentence of twenty-four years at one hundred percent to be served in the Tennessee Department of Correction ("TDOC"). *State v. William Paul Eblen,* No. E2002-01221-CCA-R3-CD, 2003 WL 22225636 (Tenn. Crim. App. Sept. 26, 2003), *perm. app.*

*denied,* (Tenn. Mar. 8, 2004). According to the judgments, the petitioner began serving his sentences on January 12, 2001.

On July 29, 2021, the petitioner filed a petition for writ of habeas corpus, alleging his sentence had expired. According to the petition, until January 9, 2019, his TOMIS[1] Offender Sentence Letter ("TOMIS letter") stated his sentence's "expiration date," meaning the expiration date with the maximum allowed fifteen percent reduction credits, was June 7, 2021, and his "full expiration date," meaning the expiration date without any reduction credits, was December 3, 2024. In his petition, the petitioner alleged he had earned 3.6 years of reduction credits, meaning his sentence expired on June 7, 2021. However, on January 9, 2019, the petitioner's TOMIS letter listed both his "expiration date" and his "full expiration date" as January 12, 2025. The petitioner also noted in his petition that on January 3, 2019, the Knox County Criminal Court ("the original trial court") entered amended judgments, noting in the special conditions box that the petitioner's sentence also included "community supervision for life pursuant to T[enn]. C[ode] A[nn]. § 39-13-524." Despite noting this in his petition, the petitioner did not argue any error on the part of the original trial court.

On August 19, 2021, the Lake County Circuit Court ("the habeas court") entered an order summarily dismissing the petition. In its order, the habeas court held,

> It appears that the basis of [the petitioner's] claim is that the sentence expired and that he is not getting the sentence credits to which he feels he in entitled. The sentence before this court, however, is a twenty-four (24) year sentence that has not expired. If the petitioner feels that TDOC is not giving him proper credits, he will have to proceed through administrative channels or file suit in the Chancery Court for Davidson County against TDOC. The [petitioner], however, does not state a cognizable claim for habeas corpus relief.

The habeas court then addressed the petitioner's statement concerning the corrected judgments, stating "if this is an issue he is raising, then this case is hereby transferred back to the Criminal Court for Knox County on this particular issue."

This timely appeal followed.

### Analysis

On appeal, the petitioner contends the habeas court erred in finding his claim was not cognizable and in summarily dismissing his petition. He insists he earned sufficient

---

[1] Tennessee Offender Management Information System

sentence reduction credits to allow for his sentence to expire on June 7, 2021; however, TDOC "illegally revoked" his credits. The State argues the trial court properly denied the petitioner's motion because the petitioner's claim is an administrative matter and not cognizable as a habeas corpus claim. We agree with the State.

The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. Tenn. Const. art. I, § 15. However, the "grounds upon which habeas corpus relief may be granted are very narrow." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. *See State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968).

Here, the petitioner claims that with the inclusion of fifteen percent sentence reduction credits, his sentence should have expired on June 7, 2021; however, TDOC "illegally revoked" 3.6 years of reduction credits. In support of his claim, the petitioner attached three TOMIS letters to his petition. The first two letters, dated October 8, 2009 and July 10, 2018, state that the petitioner's sentence "expiration date" is June 7, 2021, and his "full expiration date" is December 3, 2024. The third letter, dated January 9, 2019, states the petitioner's sentence "expiration date" is January 12, 2025, and his "full expiration date" is also January 12, 2025. Based on these letters, the petitioner claims his reduction credits were wrongfully revoked, and his sentence should have expired on June 7, 2021, per the first two letters.

At the outset, we note that the petitioner's claim focuses solely on the sentence reduction credits he allegedly earned after being convicted, sentenced, and remanded to the custody of the TDOC. Per his judgments of conviction, the petitioner was not awarded any pretrial credits. Thus, the only credits at dispute in the habeas petition and on appeal are those reduction credits awarded by the TDOC.

It is clear the TDOC possesses the authority to determine the release eligibility and sentence expiration of defendants "regardless of where they are housed." *Id.* To that end,

> Notwithstanding any other law to the contrary, [TDOC] is responsible for calculating the sentence expiration date and the release eligibility date of any felony offender sentenced to the department and any felony offender sentenced to confinement in a local jail or workhouse for one (1) or more years.

Tenn. Code Ann. § 40-35-501(r); *see also State v. Michelle Bennington,* No. E2020-00025-CCA-R3-CD, 2021 WL 753645, at *2 (Tenn. Crim. App., Feb. 26, 2021) ("[t]here is 'no law to the contrary'" to the TDOC's authority under Tenn. Code Ann. § 40-35-501(r)), *no perm. app. filed.* Challenges to the miscalculation of release eligibility by the TDOC must first be sought through the Uniform Administrative Procedures Act ("UAPA"). *See* Tenn. Code Ann. §§ 4-5-101 to -325 (2021); *see also Stewart v. Schofield*, 368 S.W.3d 457, 463-64 (Tenn. 2012); *Shorts v. Bartholomew,* 278 S.W.3d 268, 278-79 (Tenn. 2009). Further, this Court has previously noted that while a trial court can award pretrial jail credits, sentence reduction credits "are governed solely by the Department of Correction." *Yates v. Parker*, 371 S.W.3d 152, 156 (Tenn. Crim. App. 2012) (concluding that "claims for post-judgment jail credit are not cognizable habeas corpus claims").

The petitioner's dispute concerning reduction credits must be pursued through the TDOC administratively. The TDOC, not the trial court, is responsible for calculating post-judgment jail credit on the petitioner's sentence. *Stewart*, 368 S.W.3d at 464; *Shorts,* 278 S.W.3d at 278-79; *Yates,* 371 S.W.3d at 155. If the petitioner believes the TDOC overlooked an award of jail credit or miscalculated his sentence, his remedy lies under the UAPA. Tenn. Code Ann. §§ 4-5-101, -325.

Additionally, the petitioner takes issue with the fact that the original trial court has yet to act on the remand order from the habeas court. Initially, we question why remand to the original trial court is necessary since Tennessee Code Annotated section 39-13-524(b), requires "[t]he judgment of conviction . . . shall include that the person is sentenced to community supervision for life." *See* Tenn. Code Ann. § 39-13-524(a)(1) (requires community supervision for life for aggravated rape). Because the original judgments failed to include community supervision for life as a condition of the petitioner's sentence, the trial court had jurisdiction to amend or correct those judgments. *See State v. Bronson*, 172 S.W.3d 600, 602 (Tenn. Crim. App. 2005) ("An illegal sentence renders a judgment of conviction void, and a trial court may correct it at any time."). The amended judgments in this case, which properly provide for community supervision for life, are not void. Additionally, the fact that the petitioner was unaware of the amendment does not render the amended judgments void. *See State v. Carl David Roe*, No. E2018-00609-CCA-R3-CD, 2019 WL 764544 at *1, *5 (Tenn. Crim. App. Feb. 21, 2019) (determining that an amended judgment was not void when the defendant claimed that the amendment had been made without his knowledge or consent), *no perm. app. filed*. Accordingly, the petitioner would not be entitled to relief upon remand to the original trial court.

However, despite our initial concern over the necessity of a remand to the original trial court, we can only assume, based on the scant record before us, that the original trial court has yet to act because it lacks jurisdiction over this matter while this appeal is

pending. Upon the filing of the notice of appeal, the jurisdiction of the appellate court attaches, and the trial court loses jurisdiction. *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996); *Born Again Church & Christian Outreach Ministries, Inc. v. Myler Church Bldg. Sys. of the Midsouth, Inc.*, 266 S.W.3d 421, 425 (Tenn. Ct. App. 2007). We, therefore, leave the resolution of the issue of the remand to the original trial court upon completion of the current appellate process.

### *Conclusion*

Based on the foregoing, we affirm the habeas court's summary dismissal of the petition for writ of habeas corpus.

_____
J. ROSS DYER, JUDGE