# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 21, 2021

## STATE OF TENNESSEE v. JENNIFER SADIE THOMPSON

### Appeal from the Circuit Court for Franklin County
### Nos. 2016-CR-40, 2014-CR-20, 2013-CR-84   J. Curtis Smith, Judge

### No. M2021-00420-CCA-R3-CD

The Appellant, Jennifer Sadie Thompson, filed a pro se motion for correction of sentence pursuant to Rule 36.1, which was denied by the trial court. On appeal, the Appellant contends that the trial court erred by denying her motion, arguing that the Tennessee Department of Correction failed to apply sentencing credits to which she was entitled. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and J. ROSS DYER, JJ., joined.

Jennifer Sadie Thompson, Nashville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Senior Assistant Attorney General; J. Michael Taylor, District Attorney General; and Courtney Lynch, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### I. Factual Background

The record reflects that on January 5, 2016, the Appellant was indicted in case number 2016-CR-40 on one count of felony failure to appear and one count of misdemeanor failure to appear. On July 15, 2016, the Appellant pled guilty to felony failure to appear and received a sentence of one year in the Tennessee Department of Correction (TDOC) which was to be served consecutively to the sentences imposed for the Appellant's violations of probation in case numbers 2013-CR-84 and 2014-CR-20. The

misdemeanor failure to appear charge was dismissed pursuant to the plea agreement. The Appellant was not awarded pretrial or post-judgment sentencing credits in case number 2016-CR-40.

An order dated July 15, 2016, reflects that the trial court revoked Appellant's probation in case number 2013-CR-84, for which the Appellant was convicted of two counts of identity theft and received a total effective sentence of five years. The order further reflects that the trial court granted the Appellant specific dates of pretrial and post-judgment jail credits.

Another order dated July 15, 2016, reflects that the trial court fully revoked the Appellant's probation in case number 2014-CR-20, for which the Appellant was convicted of felony failure to appear and sentenced to three years and six months to be served consecutively to the sentence in case number 2013-CR-84. The Appellant was not awarded pretrial or post-judgment sentencing credits in case number 2014-CR-20.

On January 9, 2020, the Appellant, acting pro se, filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1 to correct an illegal sentence in case numbers 2016-CR-40 and 2014-CR-20. In the motion, the Appellant alleged that "effective May 24, 2019," all convictions of failure to appear became Class A misdemeanors. See Tenn. Code Ann. § 39-16-609(d) (providing that effective July 1, 2019, "[f]ailure to appear is a Class A misdemeanor"). The Appellant sought to have her sentences for felony failure to appear reduced to misdemeanors. The trial court entered an order filed on June 23, 2020, nunc pro tunc to March 3, 2020, denying the Appellant's motion.

On March 29, 2021, the Appellant filed a pro se "Motion for Pretrial Jail Credits" in case numbers 2016-CR-40, 2014-CR-20, and 2013-CR-84. In the motion, the Appellant contended:

> The [Appellant's] charges were revocated [sic]. Her sentence was to reflect a total of 8 years and 6 months and she was to receive a total of 924 days credited. TDOC does not reflect this time as credited to her. The time was originally granted to her in 2017 and TDOC reflected it on her sentence at that [sic] but now the TDOC system no longer reflects all of the [Appellant's] credits. Therefore the [Appellant] prays that she be awarded the following APPROXIMATELY 31.5 MONTHS CREDIT FOR ALL PRETRIAL JAIL CREDIT DAYS AND BEHAVIOR AND PROGRAM CREDITS AND ALL STREET TIME FOR THESE SENTENCES.

On April 13, 2021, the trial court denied the motion, noting that "[t]he pre-trial jail credit dates are on the appropriate judgment(s) and the behavior/program 'good behavior/good time' credits should not be listed on the judgment as jail credit."[1] The trial court stated that the relief the Appellant sought was "administrative with [the] TN Dept of Corrections and should be filed with the appropriate court."

Thereafter, the Appellant filed a notice of appeal "from the final judgment in this action on the 3rd day of March, 202[0]. . . ." On appeal, the Appellant contends that her sentence was illegal because after her probation was revoked, her "time" was not "correctly configured based on her original judgments and revocation papers." She asks this court to reverse the denial of her motions and to "correct" her sentence pursuant to Rule 36.1.

## II. Analysis

Rule 36.1, Tennessee Rules of Criminal Procedure, permits a defendant to seek correction of an unexpired illegal sentence at any time. See State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). As our supreme court has explained, only "fatal" sentencing errors render sentences illegal. State v. Wooden, 478 S.W.3d 585, 595 (Tenn. 2015). "Included in this category are sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." Id. Conversely, "[c]laims of appealable error generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." Id. Few appealable errors rise to the level of an illegal sentence. Id.

If a Rule 36.1 motion states a "colorable claim that the sentence is illegal," the trial court shall appoint counsel and hold a hearing on the motion. See Tenn. R. Crim. P. 36.1(b). Our supreme court has recognized that "Rule 36.1 does not define 'colorable claim.'" Wooden, 478 S.W.3d at 592. Nevertheless, the court explained that "for purposes of Rule 36.1, . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." Id. at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." Id. at 594. In determining whether a motion states a colorable claim, the trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated." Id. Whether a Rule 36.1 motion states a colorable claim is a question of law, which we review de novo. Id. at 588.

---

[1] The judgments of conviction were not included in the appellate record.

On appeal, the Appellant contends that pursuant to Rule 36.1, the trial court should have ordered the TDOC to correct its calculation of sentencing credits to which she is entitled. Specifically, she states that upon her

> initial incarceration[,] her street time was granted to her and at first [the] Tennessee Department of Correction withdrew this court sanctioned credit from her however later recalculated it and permitted her to meet the parole board in 2018. The Appellant was released on parole and then violated and Tennessee Department of Correction has now withdrew any credit that the Appellant had for street time.

Initially, we note that the Appellant previously has raised multiple challenges regarding sentencing credits which she believes rendered her sentences illegal. At one point, the Appellant contended that the trial court failed to properly apply pretrial and post-judgment sentencing credits to her sentences. In Brown, our supreme court addressed this issue and held:

> Although pretrial jail credits allow a defendant to receive credit against [her] *sentence* for time already served, awarding or not awarding pretrial jail credits does not alter the *sentence* in any way, although it may affect the length of time a defendant is incarcerated. A trial court's failure to award pretrial jail credits may certainly be raised as error on appeal, . . . [b]ut a trial court's failure to award pretrial jail credits does not render the *sentence* illegal and is insufficient, therefore, to establish a colorable claim for relief under Rule 36.1. See Wooden, 478 S.W.3d at 595-96 (defining colorable claim as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1").

479 S.W.3d at 212-13 (emphasis in original).

The Appellant also has contended that the TDOC had failed to apply all of the credits the Appellant earned to her sentences, and the Appellant asked this court to order the TDOC to award her pretrial jail credits, "behavior and program credits," and "street time." This court has explained that "while a trial court can award pretrial jail credits, sentence reduction credits 'are governed solely by the Department of Correction.'" State v. Jackie Phillip Lester, No. M2016-00700-CCA-R3-CD, 2017 WL 253165, at *2 (Tenn. Crim. App. at Nashville, Jan. 17, 2017) (quoting Yates v. Parker, 371 S.W.3d 152, 156

(Tenn. Crim. App. 2012)). Accordingly, if the Appellant contends that her sentences have been calculated incorrectly or disagrees with the TDOC's determination of her release eligibility date, the proper avenue for review is through the Uniform Administrative Procedures Act, not a Rule 36.1 motion. See Tenn. Code Ann. §§ 4-5-101 to -325; State v. Calvin Scott, No. W2020-01574-CCA-R3-CD, 2021 WL 4786372, at *3 (Tenn. Crim. App. at Jackson, Oct. 14, 2021).

### III. Conclusion

The judgment of the trial court is affirmed.

NORMA MCGEE OGLE, JUDGE