IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 24, 2025

## VICTOR VALLE v. ROBERT ADAMS, JR., WARDEN

**Appeal from the Circuit Court for Hardeman County**
**No. 2024-CR-178    A. Blake Neill, Judge**

_____

### No. W2024-01699-CCA-R3-HC

_____

Petitioner, Victor Valle, appeals the denial of his petition for writ of habeas corpus relief, arguing that he was entitled to and did not receive juvenile proceedings before the trial court admitted evidence of prior bad acts committed while Petitioner was a minor; the trial court erred by admitting evidence of prior bad acts; he received ineffective assistance of counsel; his indictment was insufficient to provide the trial court with subject matter jurisdiction; the State committed prosecutorial misconduct; the trial court improperly instructed the jury; and the cumulative effect of these errors deprived him of his right to a fair trial.  After review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTY L. EASTER, J., delivered the opinion of the court, in which MATTHEW J. WILSON and STEVEN W. SWORD, JJ., joined.

Victor Valle, Pro Se, Whiteville, Tennessee.

Jonathan Skrmetti, Attorney General and Reporter; Abigail H. Hornsby, Assistant Attorney General.

### OPINION

In August of 2019, Petitioner was convicted by a jury of one count of rape of a child. *State v. Valle*, No. W2019-01767-CCA-R3-CD, 2021 WL 1310975, at *6 (Tenn. Crim. App. Apr. 8, 2021), *perm. app. denied* (Tenn. Aug. 5, 2021).  The trial court sentenced Petitioner to twenty-two years' incarceration.  *Id.*  Petitioner appealed his conviction, arguing that there was insufficient evidence to support his conviction and that the trial court erred by admitting the victim's testimony concerning abuse that occurred outside the time

period of the indictment. *Id.* A panel of this Court affirmed Petitioner's convictions. *Id.* at *11. The Tennessee Supreme Court denied review.

On May 16, 2022, Petitioner filed for post-conviction relief, arguing that he received the ineffective assistance of counsel. *Valle v. State*, No. W2024-00039-CCA-R3-PC, 2025 WL 1147568, at *1 (Tenn. Crim. App. Apr. 17, 2025), *perm. app. pending*. The post-conviction court denied post-conviction relief, and Petitioner appealed. *Id.* at *3. A panel of this Court affirmed the denial of post-conviction relief. *Id.* at *8. Petitioner's application for permission to appeal from this judgment is currently pending before the Tennessee Supreme Court.

Petitioner filed a pro se petition for habeas corpus relief in October of 2024. He alleged that his sentences were void because the indictment was invalid; that the trial failed to properly instruct the jury; that the trial court erred by admitting evidence of prior bad acts; that he received ineffective assistance of counsel; and that the trial court failed to hold a *Momon* hearing to determine whether he knowingly, voluntarily, and intelligently waived his right to testify.

The habeas corpus court summarily dismissed Petitioner's petition because "each of Petitioner's claims require[d] both evidence beyond the record and ask[ed] the court to review or correct errors of law or fact committed by the trial court in the exercise of its jurisdiction." It further explained that habeas corpus proceedings were the improper procedure by which to bring such claims, stating, "Petitioner could have raised these issues on appeal or in a post-conviction petition." Based on these considerations, the habeas corpus court concluded that Petitioner was challenging a "voidable judgment, not a void judgment" and dismissed the petition. Petitioner timely appealed.

*Analysis*

On appeal, Petitioner challenges the habeas corpus court's denial of relief. Petitioner argues that his convictions are void because he was entitled to and was not granted juvenile proceedings before the trial court admitted evidence of prior bad acts committed while Petitioner was a minor; the trial court erred by admitting evidence of prior bad acts; he received ineffective assistance of counsel; the indictment was invalid; the evidence was insufficient to support his convictions; the State committed prosecutorial misconduct; the trial court improperly instructed the jury; and the cumulative effect of these errors deprived him of his right to a fair trial. The State argues that Petitioner has waived these arguments to the extent that he did not raise them in his habeas corpus petition and that the habeas corpus court did not err in summarily dismissing the petition because Petitioner did not state a cognizable claim for relief.

- 2 -

The State also points out that Petitioner failed to follow the strict procedural requirements for filing a writ of habeas corpus in that he did not attach his judgment of conviction to his petition. The State is correct on all points.

Article I, section 15 of the Tennessee Constitution guarantees prisoners the right to seek habeas corpus relief. As such, "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. The grounds on which habeas corpus relief will be granted are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Habeas corpus relief is available only when it appears on the face of the judgment or record of the proceedings that the convicting court was without jurisdiction or that the petitioner is still imprisoned after his sentence has expired. *Id.*; *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may be granted only when the judgment of conviction is void, rather than merely voidable. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id.* at 256 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). A voidable judgment is "one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers*, 212 S.W.3d at 256 (citing *Dykes*, 978 S.W.2d at 529).

The petitioner bears the burden of showing, by a preponderance of the evidence that the conviction is void. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). If there is nothing on the face of the judgment to indicate that the convictions addressed therein are void, the habeas corpus court may summarily dismiss the petition without the appointment of counsel and without an evidentiary hearing. T.C.A. § 29-21-109; *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012) (citations omitted). Because the issue of whether habeas corpus relief should be granted is a question of law, we conduct a de novo review without any presumption of correctness given to the decision of the lower court. *Summers*, 212 S.W.3d at 255.

As an initial matter, we agree with the State that Petitioner's claims on appeal are waived to the extent that they were not raised in his petition to the habeas corpus court. *See Thompson v. Mills*, No. W2005-02197-CCA-R3-HC, 2006 WL 305799, at *2 (Tenn. Crim. App. Feb. 9, 2006) (citing *State v. Turner*, 919 S.W.2d 346, 356 (Tenn. Crim. App. 1995)). We also agree with the habeas corpus court and the State that Petitioner's claims concerning the ineffective assistance of counsel, improper jury instructions, and the erroneous admission of evidence of prior bad acts, even if true, are not cognizable in habeas corpus proceedings. *See Madden v. State*, No. M2008-01639-CCA-R3-HC, 2009 WL 1684609, at *2 (Tenn. Crim. App. June 17, 2009) ("[I]ssues[] concerning the admission of evidence and alleged ineffective assistance of counsel, would, if proven, render [Petitioner's] judgments voidable and not void.") (citation omitted); *see also Lacy v.*

*Lindamood*, No. M2009-00072-CCA-R3-CO, 2009 WL 3029619, at *2 (Tenn. Crim. App. Sept. 22, 2009) ("The Petitioner's challenges to the jury instructions and allegation of ineffective assistance of counsel, even if proven, would render his conviction voidable, not void.") (citations omitted).

Petitioner also argued in his petition and on appeal that the trial court's judgment is void because Petitioner's indictment for rape of a child was invalid. A habeas corpus petitioner may challenge the validity of an indictment "when the indictment is so defective as to deprive the court of jurisdiction." *Dykes*, 978 S.W.2d at 529. An indictment must provide the accused with "the nature and cause of the accusation" against him. U.S. Const. amend. VI; Tenn. Const. art. I, § 9. "[A]n indictment is valid if it provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997) (citations omitted). "[A]n indictment which references the statute defining the offense is sufficient and satisfies the constitutional and statutory requirements of *Hill*." *State v. Carter*, 121 S.W.3d 579, 587 (Tenn. 2003) (citations omitted).

Petitioner argues that his indictment for rape of a child was invalid because the time frame of the indictment was from 2002 to 2004, but in describing his charge, the indictment used statutory language for the offense as amended in 2006. The indictment read in pertinent part, "[Petitioner] . . . in Shelby County, Tennessee, . . . did unlawfully sexually penetrate . . . a person more than three (3) years of age but less than thirteen (13) years of age, in violation of T.C.A. [§] 39-13-522[.]" Section 39-13-552(a), as effective in 2002 to 2004, defined "rape of a child" as "the unlawful sexual penetration of a victim by the defendant or the defendant by a victim, if such victim is less than thirteen (13) years of age." T.C.A. § 39-13-522(a) (1997). It was amended in 2006 to require the victim to also be "more than three (3) years of age[.]" T.C.A. § 39-13-522(a) (2006). Petitioner argues that the indictment's use of the "more than three (3) years of age" language rendered it invalid because it referenced the incorrect version of the statute. Despite this discrepancy, we find that Petitioner's indictment for rape of a child was valid because it specifically referenced Tennessee Code Annotated section 39-13-522(a), defining "rape of a child." *See Carter*, 121 S.W.3d at 587. Petitioner is not entitled to relief.

## CONCLUSION

For the foregoing reasons, the judgment of the habeas corpus court is affirmed.

s/Timothy L. Easter
TIMOTHY L. EASTER, JUDGE

- 4 -